**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **HARRY L. McCALL**, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: **2:07-CV-870-WKW** |
| ) | |
| **BOBBY BRIGHT**, **ARTHUR BAYLOR**, ) | |
| and **H. G. CROSTHWAIT**, ) | |
| Defendants. ) | |

## ANSWER

COME NOW Defendants Bobby Bright, Arthur Baylor and H. G. Crosthwait, by and through counsel, and hereby answer Plaintiff's specific allegations as set out in his Notice of Claim which was attached to his Complaint.

1. Defendants lack information regarding Plaintiff's allegations stated in Paragraph 1 of his Claim, and demand strict proof thereof.

2. Defendants admit Paragraph 2 of Plaintiff's Claim.

3. Defendants admit that, at all times relevant, all Defendants were acting within the line and scope of their employment with the City of Montgomery. Defendants deny the remaining allegations stated in Paragraph 3 of Plaintiff's Claim, and demand strict proof thereof.

4. Defendants admit that Plaintiff was arrested and booked into the City of Montgomery Municipal Jail on October 17, 2006. Defendants deny the remaining allegations stated in Paragraph 4 of Plaintiff's Claim, and demand strict proof thereof.

5. Defendants deny Plaintiff's allegations stated in Paragraph 5 of his Claim, and demand strict proof thereof.

6. Defendants deny Plaintiff's allegations stated in Paragraph 6 of his Claim, and demand strict proof thereof.

7. Defendants deny Plaintiff's allegations stated in Paragraph 7 of his Claim, and demand strict proof thereof.

8. Defendants deny Plaintiff's allegations stated in Paragraph 8 of his Claim, and demand strict proof thereof.

9. Defendants deny Plaintiff's allegations stated in Paragraph 9 of his Claim, and demand strict proof thereof.

10. Defendants deny that Plaintiff is entitled to any relief or damages requested.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

11. Defendants generally deny all material allegations of the Complaint and deny that Plaintiff is entitled to any relief.

### SECOND AFFIRMATIVE DEFENSE

12. Defendants aver that Plaintiff's Complaint and each count and cause thereof fails to state a cause of action against Defendants upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

13. Defendants plead the general issue and deny any allegations not specifically denied.

### FOURTH AFFIRMATIVE DEFENSE

14. Defendants plead that they did not violate Plaintiff's civil rights.

### FIFTH AFFIRMATIVE DEFENSE

15. Defendants plead that Plaintiff has failed to state damages caused by Defendants which violated Plaintiff's constitutional rights or for which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

16. To the extent applicable, Defendants plead the statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

17. Defendants plead qualified and discretionary function immunity.

### EIGHTH AFFIRMATIVE DEFENSE

18. Defendants plead the Alabama statutory caps on punitive damages.

### NINTH AFFIRMATIVE DEFENSE

19. Defendants assert that Plaintiff was guilty of negligence, wantonness, recklessness and intentional acts or criminal acts which proximately caused or contributed to the injuries or damages he claims.

### TENTH AFFIRMATIVE DEFENSE

20. Defendants assert tort immunity pursuant to *Ala. Code* § 6-5-338 (1975).

### ELEVENTH AFFIRMATIVE DEFENSE

21. Defendants assert state actor immunity pursuant to Article 1 § 14, Constitution of Alabama (1901).

### TWELFTH AFFIRMATIVE DEFENSE

22. To the extent applicable, Defendants plead estoppel, waiver and laches.

### THIRTEENTH AFFIRMATIVE DEFENSE

23. Defendants plead lack of compliance with municipal non-claim statutes.

## FOURTEENTH AFFIRMATIVE DEFENSE

24. Defendants assert that Plaintiff is not entitled to punitive damages and that the award of punitive damages would violate the Fourth, Fifth, Sixth, Eleventh and Fourteenth Amendments of the Constitution of the United States and Article 1 §§ 6, 10, 11, 15, 22, 35, 36 and 43 of the Constitution of Alabama (1901).

## **RESERVATION OF RIGHTS**

25. Defendants reserve the right to amend these defenses as discovered and allowed by the Court.

Respectfully submitted this 23rd day of October 2007,

/s/ Allison H. Highley
Allison H. Highley (HIG024)
Attorney for Defendant
City of Montgomery
Legal Department
Post Office Box 1111
Montgomery, Alabama 36101
(334) 241-2050 Telephone

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2007, I served a copy of this Answer on the Plaintiff by depositing the same in the U.S. Mail, first-class postage pre-paid, addressed:

Harry L. McCall
Post Office Box 251635
3325 Royal Creek Road
Montgomery, AL 36116

/s/ Allison H. Highley
Of Counsel