IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HARRY L. MCCALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 2:07-CV-870-WKW |
| | ) | |
| W. G. CROSSWAITE. *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Now pending before the court is the April 17, 2008, motion to compel (doc. # 22) filed by the defendant. Oral argument was held on June 3, 2008. Upon consideration of the motion, it is

ORDERED that the motion to compel be and is hereby GRANTED. (Doc. # 22.)

It is further

ORDERED, that on or before June 18, 2008, the following shall occur:

(2)  The plaintiff shall provide a specific written answer to interrogatory 7. Specifically, Mr. McCall shall list all medications he was prescribed for his injuries, stating for what condition each was prescribed and the name of the prescribing doctor.

(3)  The plaintiff shall provide a specific written answer to interrogatory 14. Specifically, Mr. McCall shall answer whether he ever sustained personal injuries in any incident other than the one referred to in his complaint and, if so, shall state (a) the date and place of each accident, (b) the nature of

      injuries sustained in each, (c) the names and addresses of all hospitals and doctors from whom treatment was received, (d) the names and addresses of all persons, if any against whom claims were made, and (e) the name and location of each court or commission in which suit was brought or a claim made.

(4) The plaintiff shall provide a specific written response to interrogatory 15. Specifically, Mr. McCall shall state each item of expense which he claims to have incurred as a result of the alleged accident in this case, and give the name and address of the person or firm to whom each such item was paid or is due.

(5) The plaintiff shall provide a specific written response to interrogatory 17. Specifically, Mr. McCall shall state whether he was employed at the time of the accident and, if so, (a) the nature of his employment, (b) the name and address of the employer, (c) his weekly or monthly income and the length of time he had been receiving this rate of income, and (d) how long he had been so employed.

(6) The plaintiff shall provide a specific written response to interrogatory 18. Specifically, Mr. McCall shall state the amount of earnings or income which he claims to have lost as a result of his alleged injuries, and how such loss is computed.

(7) The plaintiff shall provide an authorization signed by himself enabling the

  defendants to obtain copies of all hospital records pertaining to treatment for the injuries alleged in the complaint.

(8) The plaintiff shall provide copies of all medical bills incurred as a result of this accident.

(9) The plaintiff shall provide copies of income tax returns covering the two years before the date of the accident, and thereafter to the date hereof. (To be produced only if lost income or earnings are claimed.)

(10) The plaintiff shall provide copies of any documents or other evidence he has at this time that he intends to use at trial.

  The plaintiff is cautioned that his failure to comply with this court's order may result in sanctions including dismissal of this case.

  Done this 9th day of June, 2008.

          /s/Charles S. Coody
         CHARLES S. COODY
         UNITED STATES MAGISTRATE JUDGE