**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **HARRY L. McCALL**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: **2:07-CV-870-WKW-CSC** |
| | ) | |
| **H.G. CROSTHWAIT**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS, BOBBY BRGHT, ARTHUR BAYLOR AND H. G. CROSTHWAIT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

COME NOW Defendants Bobby Bright, Arthur Baylor and H. G. Crosthwait, pursuant this Court's Scheduling Order *(Doc. 17)*, which ordered that all discovery be filed with the court, pursuant to Rules 33 and 34 of the *Federal Rules of Civil Procedure* submit the individual answers, responses and objections to Plaintiff's First Set of Interrogatories and Request for Production of Documents dated June 9, 2008. *(Doc. 33)*.

Respectfully submitted this 3rd day of July, 2008.

/s/ Kimberly O. Fehl
Kimberly O. Fehl (FEH001)
Attorney for the Defendants

**OF COUNSEL:**
CITY OF MONTGOMERY
Legal Department
Post Office Box 1111
Montgomery, AL 36101-1111
(334) 241-2050 Telephone
(334) 241-2310 Facsimile

## <u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on July 3, 2008, I sent a copy of the foregoing to the Plaintiff

via U.S. mail, first-class postage pre-paid to: Harry L. McCall, 3325 Royal Creek Road,

Montgomery, AL 36116.

          /s/ Kimberly O. Fehl
          Kimberly O. Fehl (FEH001)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **HARRY L. McCALL,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: **2:07-CV-870-WKW-CSC** |
| | ) |
| **H.G. CROSTHWAIT**, et al., | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT, ARTHUR BAYLOR'S, RESPONSE
### TO PLAINTIFF'S  FIRST SET OF INTERROGATORIES
### AND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, Arthur Baylor, submits the following responses to Plaintiff's First Set

of Interrogatories and Request for Production of Documents dated June 9, 2008. *(Doc.*

*33).*

### INTERROGATORIES

1.     State the name of each Defendant, other names by which they have been

known, age, residence, and social security number, date of birth, drivers license number,

tax record for last five (5) years:

> **ANSWER:**     **Arthur D. Baylor**
> **Montgomery Police Chief A. D. Baylor**
> **Age:   52**
> **DOB:  11/21/55**
> **Address:      320 North Ripley Street**
> **Montgomery, Alabama  36104**

**Defendant objects to the remaining requests in this interrogatory as it seeks**

**information that is irrelevant and unrelated to allegations and claims in this lawsuit.**

2.     State the circumstances and conditions surrounding the arrest, booking,

and transport of Plaintiff to and from hospital on or about October 17, 2006.

1

**ANSWER:** **Unknown. I was not present and have no personal knowledge of the circumstances and conditions surrounding Plaintiff's arrest, booking into the jail or transport to the hospital on October 17, 2006.**

3.    State reason each party should not be held responsible or liable for the injuries sustain by plaintiff while securely in custody of defendants and the City of Montgomery Police Department.

**ANSWER:** **I was not present and have no personal knowledge of the circumstances and conditions surrounding Plaintiff's arrest, booking into the jail or transport to the hospital on October 17, 2006.**

4.    State extremely for the court record, the number of inmates or citizen that have been injured, or died while in custody of the Montgomery City Police Department during the period of the last ten (10) years, and described the circumstances surrounding each ordeal.

**ANSWER:** **Defendant objects this interrogatory to the extent it is overly broad and unduly burdensome and seeks information not designed nor reasonably calculated to the discovery of relevant evidence.**

5.    State the number of complaints and incidents with injuries that have been propounded against officer H. G. Crosthwait and provide a copy of his yearly duty evaluation and mental evaluation.

**ANSWER:** **In reviewing the records, there do not appear to be any other complaints of incidents with injuries regarding H.G. Crosthwait. Attached are copies of memos regarding Crosthwait's annual merit increases. Annual mental evaluations are not required of our officers.**

2

6.    Plaintiffs' counsel insists that medical records both physical and mental be propounded by each defendant in this style-cause.

**ANSWER:    Defendant objects to this interrogatory as it seeks information that is irrelevant and unrelated to the allegations and claims in this lawsuit.**

## REQUEST FOR PRODUCTION OF RECORD

1.    An authorization on the City of Montgomery letterhead signed by authorized person enabling Plaintiff counsel to obtain medical records of each defendant in this style-cause.

**RESPONSE: Defendant objects to this request for production as it seeks information that is irrelevant and unrelated to the allegations and claims in this lawsuit.**

2.    Defendants' must propound the following documents and hardware in the form of:  Internal Affairs audio of initial complaint, video tapes from City jail booking area, and all other photograph pertaining to this style-cause, also request is to include Inmate log of booking housing cells, and the employee duty roster to parallel the City jail surveillance video.

**RESPONSE: I do not have any of the requested documents in my possession. See response with documents and information filed June 26, 2008.**

Submitted this 3ʳᵈ day of July, 2008.

_____
A. D.  Baylor

**SWORN to and SUBSCRIBED before me this the** 3ʳᵈ **day of July, 2008.**

_____
Notary Public
My commission expires  10/16/09

3

Kimberly O. Fehl (FEH001)
Attorney for Defendants

**OF COUNSEL:**
CITY OF MONTGOMERY
Legal Department
Post Office Box 1111
Montgomery, AL 36101-1111
(334) 241-2050 Telephone
(334) 241-2310 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of July, 2008, I sent a copy of the foregoing

to the Plaintiff via U.S. mail, first-class postage pre-paid to: Harry L. McCall, 3325 Royal

Creek Road, Montgomery, AL 36116.

Kimberly O. Fehl (FEH001)

4

Prepared:  1/24/08          City of Montgomery Merit Increase
Program: PA585L2
              From: 03/07/08      To: 03/20/08          Payable Date:  3/28/08

Department:  62 10  POLICE DEPT

| Last Name | SSN | Pay | Current | | Merit | Pay | New | | Merit |
|-----------|-----|-----|---------|---|-------|-----|-----|---|-------|
| First | Position | Grd | Hrly-Rt Pay Period | | Date | Grd | Hrly-Rt Pay Period | | Date |
| MI | Pay Freq | Stp | Annual | | | Stp | Annual | | |
| | Grade | | | | | | | | |
| | Sch Hours | | | | | | | | |

| CROSTHWAIT | ▇▇▇▇ | 6 | 19.2148 | 3/13/08 | 7 | 19.7916 | 3/13/09 |
| HARRIS | 8211 | | 1,537.18 | | | 1,583.33 | |
| Q | BW | | 39,966.78 | | | 41,166.53 | |
| | B82 | | | | | | |

✓This employee is recommended for a merit increase. 7

__Merit increase not recommended at this time.

Comments:     See Attached

Date: 2-12-08    Approved:   Department Head    _A C B_

Feb 13, 2008          Appointing Authority    _Michael L Biddell_

2/13/08             Personnel Officer    _Barbara M Montoya_

Page    46

PER.FORM 30a
Revised 10/22/02

# EMPLOYEE COMMENDATION RECORD

EMPLOYEE: H.G. Crosthwait #1420          POSITION: Corporal

SUPERVISOR: Sergeant C.D. Williams #098          DEPT: Police

DATE OF COMMENDATION: 2/7/08

REASON FOR COMMENDATION: (Description of performance or conduct - give specific facts, background information, dates and times)

During the past year Corporal Crosthwait has done excellent work. Corporal Crosthwait is always punctual to work and completes all assigned tasks in a timely and efficient manner. Corporal Crosthwait works well with his supervisor's and peers. He has experienced one instance during the past year in which he received a counseling form for Article I Section 1.245 (Care and Use of Equipment). This is the only form of disciplinary action taken against him during the past year. Based on his performance, I recommend that he receive his merit increase as scheduled.

Sgt. Cdl Wlf #098          2/8/08
Supervisor                          Date

My signature indicates that the above matters were discussed with me on          2/8/08
and that I received a copy of this form          (Month Day Year)

H.G. Crosthwait 1420
Employee Signature

ATTACH ADDITIONAL SHEETS AS REQUIRED

```
Prepared: 2/08/07        City of Montgomery Merit Increase
Program: PA585L2
          From: 03/09/07        To: 03/22/07        Payable Date: 3/30/07

Department: 62 10  POLICE DEPT
```

| Last Name First MI | SSN Position Pay Freq Grade Sch Hours | Pay Grd Stp | Current Hrly-Rt Pay Period Annual | Merit Date | Pay Grd Stp | New Hrly-Rt Pay Period Annual | Merit Date |
|---|---|---|---|---|---|---|---|
| CROSTHWAIT HARRIS G | 8211 BW B82 | 5 | 17.7506 1,420.05 36,921.25 | 3/13/07 | 6 | 18.2998 1,463.98 38,063.58 | 3/13/08 |

(right margin, vertical: MAR 07 2007 m1019 RCVD)

X This employee is recommended for a merit increase. /JM

__ Merit increase not recommended at this time.

Comments: _Attachment_____

Date: 3-6-07    Approved:  Department Head _____

Mar 6, 2007              Appointing Authority _____

3/8/07                  Personnel Officer  _Barbara M. Montoya__

Page    47

PER.FORM 30a
Revised 10/22/02

# EMPLOYEE COMMENDATION RECORD

EMPLOYEE: H.G. Crosthwait #1420          POSITION: Police Corporal

SUPERVISOR: Major K.J.Murphy                    DEPT: Patrol 3rd Shift

DATE OF COMMENDATION: February 22, 2007

REASON FOR COMMENDATION: (Description of performance or conduct - give specific facts, background information, dates and times)

During this evaluation period, Corporal Crosthwait has performed his assigned duties in a proficient and professional manner. On September 30, 2006, Corporal Crosthwait responded to a Code 13 and one of the family members at the residence expressed her gratitude for his sympathetic and understanding manner by writing a letter to Chief Baylor on Ocotber 27, 2006. Corporal Crosthwait showed compassion to the family during their time of need. Corporal Crosthwait went beyond the call of duty. On November 20, 2006, Corporal Crosthwait recieved a counseling form for Duties of Responsible Employment-Care and Use of Equipment. Corporal Crosthwait had been utilizing the wrong fuel key.

I recommend that Corporal Crosthwait receive his merit raise.

KJM/mdh

_____
Supervisor

_____3-5-07_____
Date

_____3/3/07_____
(Month Day Year)

My signature indicates that the above matters were discussed with me on and that I received a copy of this form

_____
Employee Signature

ATTACH ADDITIONAL SHEETS AS REQUIRED

```
PREPARED:  2/09/06        CITY OF MONTGOMERY MERIT INCREASE
PROGRAM: PA585L
           FROM: 03/10/06      TO: 03/23/06        PAYABLE DATE:   3/31/06

DEPARTMENT:  62 10  POLICE DEPT
```

| LAST NAME FIRST MI | SSN POSITION PAY FREQ GRADE SCH HOURS | PAY GRD STP | CURRENT HRLY-RT PAY PERIOD ANNUAL | MERIT DATE | PAY GRD STP | NEW HRLY-RT PAY PERIOD ANNUAL | MERIT DATE |
|---|---|---|---|---|---|---|---|
| CROSTHWAIT HARRIS G | 8210 BW PS1 80 | 4 | 16.2104 1,296.83 33,717.63 | 3/13/06 | 5 | 16.7279 1,338.23 34,794.03 | 3/13/07 |

__THIS EMPLOYEE IS RECOMMENDED FOR A MERIT INCREASE.

__MERIT INCREASE NOT RECOMMENDED AT THIS TIME.

COMMENTS: ___ See Attached _____

_____

DATE: 3-2-06    APPROVED:   DEPARTMENT HEAD

Mar 3, 2006              APPOINTING AUTHORITY

3/9/06                  PERSONNEL OFFICER

PAGE    47

PER.FORM 30a
Revised 10/22/02

# EMPLOYEE COMMENDATION RECORD

EMPLOYEE: H.G. Crosthwait #1420        POSITION: Police Officer

SUPERVISOR: Major K.J. Murphy        DEPT: Patrol 3rd Shift

DATE OF COMMENDATION: March 31, 2006

REASON FOR COMMENDATION: (Description of performance or conduct - give specific facts, background information, dates and times)

During this evaluation, Officer Crosthwait's performance has been above standard. Officer Crosthwait has conducted himself in a professional manner in public and around other officers.

Officer Crosthwait has been involved in several types of arrests. On October 12, 2005, at 0404 hours, Officer Crosthwait and his partner received a letter of commendation after responding to 2222 Cherry Street on a disturbance call. Upon their arrival, officers heard a female yelling "no-no". Officers entered the residence through an open door and observed a white male with a knife. The subject started to cut himself in the neck area. Officer Crosthwait and his partner used non-lethal mace to defuse the situation. Officer Crosthwait handled a stressful situation in a professional manner. Officers insured the safety of the children and the wife from further injury before handling the suspect. The subject was placed into custody and transported for medical treatment.

After reviewing Officer Crosthwait's file, I have confirmed that he had not received any disciplinary action during the past year.

It is my recommendation that Officer Crosthwait receive his merit increase as scheduled.

KJM/gps

_____        _____
Supervisor                               3-2-06
                                          Date

                                         _____
                                          2/27/06
                                         (Month Day Year)

My signature indicates that the above matters were discussed with me on
and that I received a copy of this form

_____
Employee Signature

ATTACH ADDITIONAL SHEETS AS REQUIRED

P1 —    Patrol

PREPARED:  1/27/05      CITY OF MONTGOMERY MERIT INCREASE
PROGRAM: PA585L
          FROM: 03/11/05      TO: 03/24/05        PAYABLE DATE:  4/01/05

DEPARTMENT:  62 10  POLICE DEPT

| LAST NAME FIRST MI | SSN POSITION PAY FREQ GRADE SCH HOURS | PAY GRD STP | CURRENT HRLY-RT PAY PERIOD ANNUAL | MERIT DATE | PAY GRD STP | NEW HRLY-RT PAY PERIOD ANNUAL | MERIT DATE |
|---|---|---|---|---|---|---|---|
| CROSTHWAIT HARRIS G | 8210 8W PS1 80 | 3 | 14.9456 1,195.65 31,086.85 | 3/13/05 | 4 | 15.4385 1,235.08 32,112.08 | 3/13/06 |

MAR 09 '05 PM 3:26 RCVD

X THIS EMPLOYEE IS RECOMMENDED FOR A MERIT INCREASE. ) /M

__ MERIT INCREASE NOT RECOMMENDED AT THIS TIME.

COMMENTS: Attachment _____

_____

DATE: __3-9-05__    APPROVED:    DEPARTMENT HEAD _____

__Mar 9, 2005__           APPOINTING AUTHORITY _____
                                                3/8/05

__3/10/05__              PERSONNEL OFFICER _____

R. Y. Crosthwait    PAGE    48
                    1420

PER.FORM 30a
Revised 10/22/02

# EMPLOYEE COMMENDATION RECORD

EMPLOYEE: H.G.Crosthwait 1420    POSITION: Police Officer

SUPERVISOR:    Major K.J. Murphy    DEPT: Patrol 3rd Shift

DATE OF COMMENDATION:    April 1, 2005

REASON FOR COMMENDATION: (Description of performance or conduct - give specific facts, background information, dates and times)

Employee Merit Evaluation. Officer Crosthwait has conducted himself in a professional manner with subordinates, supervisors, and the general public. Crosthwait completes task assigned to him in a timely manner and offers assistance to fellow officers as needed. Crosthwait has displayed a genuine desire to become proficent in peforming his duties. I recommend that Officer Crosthwait receive his merit raise.

_____
Supervisor

_____
Date

3 / 8 / 05
(Month  Day  Year)

My signature indicates that the above matters were discussed with me on and that I received a copy of this form

H.G. Crosthwait 1420
_____
Employee Signature

ATTACH ADDITIONAL SHEETS AS REQUIRED

*Patrol*

PREPARED: 2/12/04        CITY OF MONTGOMERY MERIT INCREASE
PROGRAM: PA585L
              FROM: 03/12/04      TO: 03/25/04          PAYABLE DATE:  4/02/04

DEPARTMENT: 62 10  POLICE DEPT

| LAST NAME<br>FIRST<br>MI | SSN<br>POSITION<br>PAY FREQ<br>GRADE<br>SCH HOURS | PAY<br>GRD<br>STP | CURRENT<br>HRLY-RT<br>PAY PERIOD<br>ANNUAL | MERIT<br>DATE | PAY<br>GRD<br>STP | NEW<br>HRLY-RT<br>PAY PERIOD<br>ANNUAL | MERIT<br>DATE |
|---|---|---|---|---|---|---|---|
| CROSTHWAIT<br>HARRIS<br>G | ██████<br>8210<br>BW<br>PS1<br>80 | 2 | 14.4534<br>1,156.27<br>30,063.07 | 3/13/04 | 3 | 14.9456<br>1,195.65<br>31,086.85 | 3/13/05 |

MAR 09 '04  9:30 RCVD

X THIS EMPLOYEE IS RECOMMENDED FOR A MERIT INCREASE.  *[signature]*

__ MERIT INCREASE NOT RECOMMENDED AT THIS TIME.

COMMENTS: *See Attachment* _____

_____

DATE:  3-3-04     APPROVED:   DEPARTMENT HEAD        _____

       3/8/04                 APPOINTING AUTHORITY   _____

       3/9/04                 PERSONNEL OFFICER      _____

              PAGE    54

PER.FORM 30a
Revised 10/22/02

# EMPLOYEE COMMENDATION RECORD

EMPLOYEE: H. Crosthwait #1420   POSITION: Police Officer

SUPERVISOR:                     Maj. K. J. Murphy      DEPT: Police

DATE OF COMMENDATION:           04-02-2004

REASON FOR COMMENDATION: (Description of performance or conduct - give specific facts, background information, dates and times)

During this evaluation period, Officer Crosthwait's job performance was up to standard. He requires little supervision in completing tasks and performs well on a day to day basis.

Officer Crosthwait received a letter of Commendation for assisting in the aprehension of a Robbery 1st suspect and a second letter of commendation for the apprehension of a suspect wanted for Unlawful B&E of a vehicle during this evaluation period.

Officer Crosthwait received a letter to file in referance to his service weapon having rust spots on the barrell during this evaluation period. Subsequent checks of officer Crosthwait's weapon shows that he has corrected this problem.

I recommend that officer Crosthwait receive his merit raise.

_____
Supervisor

_____
Date        3-2-04

My signature indicates that the above matters were discussed with me on
and that I received a copy of this form        3 - 1 - 4
                                        (Month  Day  Year)

H. H. Crosthwait #1420
_____
Employee Signature

ATTACH ADDITIONAL SHEETS AS REQUIRED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **HARRY L. McCALL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: **2:07-CV-870-WKW-CSC** |
| | ) | |
| **H.G. CROSTHWAIT**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT, BOBBY BRIGHT'S, RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, Bobby Bright, submits the following responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents dated June 9, 2008. *(Doc. 33).*

### INTERROGATORIES

1.     State the name of each Defendant, other names by which they have been known, age, residence, and social security numbers, date of birth, drivers license number, tax record for last five (5) years:

> **ANSWER:**     **Bobby Neal Bright**
> **Mayor Bobby N. Bright**
> **Age: 55**
> **DOB: 7/21/52**
> **City of Montgomery**
> **103 N. Perry Street**
> **Montgomery, Alabama 36104**

**Defendant objects to the remaining requests in this interrogatory as it seeks information that is irrelevant and unrelated to allegations and claims in this lawsuit.**

2.    State the circumstances and conditions surrounding the arrest, booking, and Transport of Plaintiff to and from hospital on or about October 17, 2006.

**ANSWER:    Unknown.  I was not present and have no knowledge of the circumstances and conditions surrounding Plaintiff's arrest, booking into the jail or transport to the hospital on October 17, 2006.**

3.    State reason each party should not be held responsible or liable for the injuries sustain by plaintiff while securely in custody of defendants and the City of Montgomery Police Department.

**ANSWER:    I was not present and have no personal knowledge of the circumstances and conditions surrounding Plaintiff's arrest, booking into the jail or transport to the hospital on October 17, 2006.**

4.    State extremely for the court record, the number of inmates or citizen that have been injured, or died while in custody of the Montgomery City Police Department during the period of the last ten (10) years, and described the circumstances surrounding each ordeal.

**ANSWER:    Defendant objects to this request as it is overbroad, unduly burdensome and not reasonably calculated to produce admissible evidence. Notwithstanding the foregoing objections, I do not have any personal knowledge of the number of inmates or citizens that have been injured or died while in the custody of the Montgomery City Police Department in the last 10 years.**

5.    State the number of complaints and incidents with injuries that have been propounded against officer H. G. Crosthwait provide a copy of his yearly duty evaluation and mental evaluation.

**ANSWER:  I do not know of any complaints nor do I have in my possession any of the documents requested by Plaintiff.**

6.    Plaintiffs' counsel insists that medical records both physical and mental be propounded by each defendant in this style-cause.

**ANSWER:    Defendant objects to this request as it seeks information that is irrelevant and unrelated to the allegations and claims in this lawsuit.**

## REQUEST FOR PRODUCTION OF RECORD

1.    An authorization on the City of Montgomery Letter Head signed by authorized person enabling Plaintiff counsel to obtain medical records of each defendant in this style-cause.

**RESPONSE:    Defendant objects to this request as it seeks information that is irrelevant and unrelated to the allegations and claims in this lawsuit.**

2.    Defendants' must propound the following documents and Hardware in the form of:  Internal Affairs audio of initial complaint, video tapes from City jail booking area, and all other photograph pertaining to this style-cause, also request is to include Inmate log of booking housing cells, and the Employee duty roster to parallel the City jail surveillance video.

**RESPONSE:  I do not have any of the requested documents in my possession. See response filed June 26, 2008.**

Submitted this 3rd day of July, 2008.

_Bobby Bright_
Bobby N. Bright

**SWORN to and SUBSCRIBED before me this the** 3rd **day of July, 2008.**

_Katherine B. Ard_
Notary Public
My Commission Expires _____

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES:  Mar 7, 2009
BONDED THRU NOTARY PUBLIC UNDERWRITERS

_Kimberly O. Fehl_
Kimberly O. Fehl (FEH001)
Attorney for Defendants

**OF COUNSEL:**
CITY OF MONTGOMERY
Legal Department
Post Office Box 1111
Montgomery, AL 36101-1111
(334) 241-2050 Telephone
(334) 241-2310 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of July, 2008, I sent a copy of the foregoing to

the Plaintiff via U.S. mail, first-class postage pre-paid to: Harry L. McCall, 3325 Royal

Creek Road, Montgomery, AL 36116.

_Kimberly O. Fehl_
KIMBERLY O. FEHL (FEH001)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **HARRY L. McCALL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: **2:07-CV-870-WKW-CSC** |
| | ) | |
| **H.G. CROSTHWAIT**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT, H. G. CROSTHWAIT'S, RESPONSE
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant, H. G. Crosthwait, by and through the undersigned attorney and submits the following responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents dated June 9, 2008. *(Doc. 33)*.

**INTERROGATORIES**

1.      State the name of each Defendant, other names by which they have been known, age, residence, and social security numbers, date of birth, drivers license number, tax record for last five (5) years:

ANSWER:     **Harris G. Crosthwait
Age: 32
Date of Birth: 11/29/75
City of Montgomery Police Department
320 North Ripley Street
Montgomery, Alabama 36104**

**Defendant objects to the remaining requests in this interrogatory as it seeks information that is irrelevant and unrelated to allegations and claims in this lawsuit.**

2.      State the circumstances and conditions surrounding the arrest, booking, and transport of Plaintiff to and from hospital on or about October 17, 2006.

**ANSWER:    On October 17, 2006 at approximately 0304 hours I responded to 3325 Royal Creek Road in reference to a domestic dispute between a father and daughter.  A prior domestic call with injuries had gone out between the father and mother.  The mother was at headquarters signing a warrant.  I confirmed the warrant was valid prior to my arrival at the residence.**

**As I pulled up to the residence I observed the subject (Harry McCall) at his vehicle.  As I drove up, he began to walk toward his house.  I instructed Mr. McCall to remain outside using my vehicle P.A. system but he ignored me and continued into his house.  I went into the house with a back up unit and we took Mr. McCall into custody.  As we attempted to load Mr. McCall into the car, he began kicking and bouncing around.  We had to use leg shackles to restrain him while he was in the car.**

**As I transported Mr. McCall to headquarters he began to complain about his handcuffs.  When we arrived at headquarters, Mr. McCall refused to answer any questions and would not sit on the booking bench.  I called for another unit to help. Two other officers responded and helped me cuff Mr. McCall to the booking bench. Mr. McCall again complained about his handcuffs and both responding officers assured him the cuffs were not too tight.**

**Shortly thereafter, a senior officer came by to check on me.  Mr. McCall began to curse him and became disorderly so I was told to stop what I was doing**

and take Mr. McCall upstairs. I attempted to take him upstairs for his own safety so he could get out of the handcuffs and calm down.

Mr. McCall made multiple threats and refused to cooperate. As I attempted to gain control of Mr. McCall, he was pushing and jerking against me. Once in the elevator, Mr. McCall looked at my nametag and threatened me and my family and stated that he was going to find me and come to my house and kick my ass. Mr. McCall continued to be uncooperative. Mr. McCall also pulled away from me and when the elevator door opened Mr. McCall refused to get out.

The elevator door opens into a cell and the cell door was already propped open. I was trying to push him from the elevator into the cell. Mr. McCall then came back toward my face in a threatening manner. I felt that Mr. McCall had the capability, the intention and the means to try to hurt me. I was still in the elevator and alone. I was afraid Mr. McCall was trying to assault me so I pushed him away from me and he hit the cell door that was already partially open.

Mr. McCall immediately stated he was going to sue and that I had broken his arm. Medic Unit 90 responded to the jail and advised that Mr. McCall had no injuries, but Mr. McCall insisted on going to the hospital. He was advised that he would have to pay for it and he stated he would just sue the department for the money. Mr. McCall was then transported to Jackson Hospital.

3.    State reason each party should not be held responsible or liable for the injuries sustain by plaintiff while securely in custody of defendants and the City of Montgomery Police Department.

**ANSWER:  I do not know since I am not aware of any injuries that Mr. McCall received while in custody of the City of Montgomery Police Department.**

4.      State extremely for the court record, the number of inmates or citizen that have been injured, or died while in custody of the Montgomery City Police Department during the period of the last ten (10) years, and described the circumstances surrounding each ordeal.

**ANSWER:    I do not know.**

5.      State the number of complaints and incidents with injuries that have been propounded against officer H. G. Crosthwait provide a copy of his yearly duty evaluation and mental evaluation.

**ANSWER:  None.**

6.      Plaintiffs' counsel insists that medical records both physical and mental be propounded by each defendant in this style-cause.

**ANSWER:  Defendant objects to the remaining requests in this interrogatory as it seeks information that is irrelevant and unrelated to allegations and claims in this lawsuit.**

## REQUEST FOR PRODUCTION OF RECORD

1.      An authorization on the City of Montgomery Letter Head signed by authorized person enabling Plaintiff counsel to obtain Medical records of each defendant in this style-cause.

**RESPONSE:  Defendant objects to the remaining requests in this interrogatory as it seeks information that is irrelevant and unrelated to allegations and claims in this lawsuit.**

2.    Defendants' must propound the following documents and Hardware in the form of:  Internal Affairs audio of initial complaint, video tapes from City jail booking area, and all other photograph pertaining to this style-cause, also request is to include Inmate log of booking housing cells, and the Employee duty roster to parallel the City jail surveillance video.

**RESPONSE: Defendant objects to the remaining requests in this interrogatory as it seeks information that is irrelevant and unrelated to allegations and claims in this lawsuit.**

Dated this 3rd day of July, 2008.

_H. H. Crosthwait 1420_
H. G. Crosthwait

**SWORN to and SUBSCRIBED before me this the** 3rd **day of July, 2008.**

_Notary Public_
Notary Public
My Commission Expires 10/16/09

_Kimberly O. Fehl_
Kimberly O. Fehl (FEH001)
Attorney for Defendants

**OF COUNSEL:**
CITY OF MONTGOMERY
Legal Department
Post Office Box 1111
Montgomery, AL 36101-1111
(334) 241-2050 Telephone
(334) 241-2310 Facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of July, 2008, I sent a copy of the foregoing

to the Plaintiff via U.S. mail, first-class postage pre-paid to: Harry L. McCall, 3325 Royal

Creek Road, Montgomery, AL 36116.

KIMBERLY O. FEHL (FEH001)