IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **HARRY L. McCALL**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: **2:07-CV-870-WKW-CSC** |
| | ) |
| **H.G. CROSTHWAIT**, et al., | ) |
| | ) |
| Defendants. | ) |

**MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS,
BOBBY BRIGHT, A.D. BAYLOR AND H.G. CROSTHWAIT**

Pursuant to Rule 56 of the *Federal Rules of Civil Procedure*, Defendants Bobby Bright ("Bright"), A.D. Baylor ("Baylor") and H.G. Crosthwait ("Crosthwait"), by and through the undersigned attorney, move the Court for summary judgment. The undisputed facts and applicable law show that there is no genuine issue as to any material fact. As moving party, Defendants are entitled to judgment as a matter of law.

In support of the Motion for Summary Judgment, Defendants rely on the pleadings and sworn attachments, affidavits, discovery filed to this date and Memorandum of Law in Support of Summary Judgment with the following evidentiary submissions:

*DX 1, Notice of Claim filed with the City Clerk*

*DX 2, Affidavit of Patrick J. Murphy with Certified Municipal Court Records*

*DX 3, Affidavit of H.G. Crosthwait*

*DX 4, Affidavit of R.A. Wilhoit*

*DX 5, Affidavit of Bobby Bright*

1

*DX 6, Affidavit of A.D. Baylor*

*DX 7, Certified Patient Care Report from Medic Unit 90, October 17, 2006*

*DX 8, Certified Medical Records from Jackson Hospital, October 17, 2006*

It is unclear if McCall is attempting to state a cause of action in violation of the U.S. Constitution or a cause of action under state law claims. *(Doc. 1).* There is an attachment to the Complaint titled "Notice of Claim", as well as, a Notice of Claim filed with the City Clerk that alleges state claims pursuant to *ALA. Code* § 11-47-190 (1975). However, neither the Complaint *(Doc. 1)* nor the attachment *(Doc. 1-2)* state a cause of action and all claims against Defendants Bright, Baylor and Crosthwait are due to dismissed.

### A.  QUALIFIED IMMUNITY FOR BRIGHT, BAYLOR AND CROSTHWAIT

Crosthwait, Bright and Baylor are entitled to any allegations of constitutional violations. Crosthwait was acting within the line and scope of his duties as a police officer effectuating the arrest and incarceration of Harry McCall based on a confirmed domestic violence warrant. Crosthwait acted in self defense when he pushed McCall away from him.

The application of de minimus force does not constitute excessive force for the purpose of qualified and/or discretionary function immunity. The Eleventh Circuit has reviewed and upheld summary judgment based on qualified immunity on the application of de minimis force stating "the application of de minimis force, without more, will not support a claim for excessive force in violation of the Fourth Amendment." *See Nolin v. Isbell,* 207 F.3d 1253, 1257 (11th Cir.2000).

Defendants are entitled to qualified immunity for any alleged constitutional violations. In order to receive qualified immunity, a public official "must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Lee v. Ferraro*, 284 F. 3d 1188, 1194 (11th Cir. 2002). If he does so, the burden then shifts to the plaintiff to show, first, facts establishing that a constitutional violation occurred, and second, that the constitutional right was clearly established at the time of the violation.

Bright and Baylor are also entitled to qualified immunity. A supervisor sued in his individual capacity in a federal civil rights action is entitled to qualified immunity unless a reasonable supervisor would have known that his actions were unlawful in light of clearly established law and information that he possessed. *Dolihite v. Maughon*, 74 F. 3d 1027 (11th Cir. 1996), cert. denied, 519 U.S. 870 (1997). Such liability must be predicated on either actual participation in the unconstitutional act by the supervisor or a causal connection between the supervisor's action and a plaintiff's injury. *Id.* In this case there was neither.

### B. CITY OF MONTGOMERY

For liability pursuant to 42 U.S.C. § 1983 to attach to a municipality, it must be shown that the municipal official or employee caused the deprivation of one's statutory or constitutional rights by acting pursuant to official governmental policy. McCall has presented no allegations or evidence that will attach liability to the City of Montgomery.

### C. STATE AGENT DISCRETIONARY FUNCTION IMMUNITY

Defendants are entitled to state agent discretionary function immunity for any alleged state law claims. Crosthwait was, at all relevant times, acting within the line and

scope of his duty performing discretionary acts.  Section 6-5-338, *Code of Alabama*, 1975 statutorily provides law enforcement officers with immunity from state law tort claims arising out of acts committed while the law enforcement officers engage in the performance of discretionary functions.  McCall cannot produce any evidence that would show, or even allow an inference that Defendants acted in any way willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law.  *See Ex parte Cranman,* 792 So.2d 392 (Ala.2000).

### D.   SOVEREIGN IMMUNITY

Section 6-5-338, Code of Alabama (1975), specifies governmental or sovereign immunity from tort liability for the conduct of police officers in the line of duty.  The statute provides that police officers in the line of duty "shall at all times be deemed to be officers of this state, and as such shall have immunity from tort liability arising out of his or her conduct in the performance of any discretionary function within the line and scope of his or her law enforcement duties." *ALA. Code* §6-5-338 (1975).

### E.  MUNICIPAL IMMUNITY

Section 6-5-338(b), *Code of Alabama*, 1975 provides immunity not only to peace officers but governmental units and agencies authorized to appoint peace officers.  The statute is explicit that liability will not attach unless a police officer acts willfully or maliciously.  As there is no evidence of such intent or actions, Defendants are entitled to immunity.

The City is entitled to summary judgment as a matter of law for any intentional tort claims. Alabama law is very clear that a municipality is not liable for the intentional torts of its agents.  *ALA. Code* §11-47-190 (1975) provides that an action against a

municipality may only lie for the "neglect, carelessness, or unskillfulness" of its agents. The City may claim immunity and not be held liable for wanton and intentional acts of its agents in accordance with both statutory and case law. *Hilliard v. City of Huntsville*, 585 So. 2d 889 (Ala. 1991). Additionally, Section 6-5-338(b), *Code of Alabama*, 1975 provides "immunity not only to peace officers but governmental units and agencies authorized to appoint peace officers."

### F.   NOTICE OF CLAIM NOT TIMELY FILED

The claims for which McCall has filed this lawsuit occurred on October 17, 2006. *(Doc. 1, ¶ 4)*. McCall's Notice of Claim was dated April 17, 2007 and received by the City Clerk on April 18, 2007 from an attorney, William Turner. *(DX 1, Notice of Claim)*.

Defendants submit that Plaintiff has failed to present substantial evidence from which fair-minded persons could reasonably infer the existence of facts necessary to prove any of Plaintiff's claims. Summary Judgment in favor of Defendants is proper and all claims against them should be dismissed.

Respectfully submitted this 18th day of August, 2008.

/s/ Kimberly O. Fehl
Kimberly O. Fehl (FEH001)


OF COUNSEL:
City of Montgomery
City Attorney's Office
P. O. Box 1111
Montgomery, AL 36101-1111
Telephone: (334) 241-2050
Facsimile: (334) 241-2310

**CERTIFICATE OF SERVICE**

I hereby certify that foregoing has been served upon the following with PACER/electronic filing or by U. S. Mail, postage prepaid on this 18th day of August, 2008:

Harry L. McCall
3325 Royal Creek Road
Montgomery, AL 36116

                                              /s/ Kimberly O. Fehl
                                              Of Counsel