**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **HARRY L. McCALL**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: **2:07-CV-870-WKW-CSC** |
| | ) |
| **H.G. CROSTHWAIT**, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

**I.**
**PROCEDURAL BACKGROUND**

This lawsuit was filed by Plaintiff Harry McCall ("McCall") *pro se* on September 28, 2007. Plaintiff claims that he was injured by Officer Crosthwait while being booked into the Montgomery City Jail on October 17, 2006 on a domestic violence charge. *(Doc. 1)*. The Complaint is a form complaint from the United States District Court, Middle District of Alabama and names as Defendants, Mayor Bobby Bright ("Bright"), Police Chief A.D. Baylor ("Baylor") and Officer H.G. Crosthwait ("Crosthwait") regarding the actions of Crosthwait during his arrest on October 17, 2006. *(Doc. 1)*.

Attached to the Complaint is a letter to the Clerk of Court with a notarized Notice of Claim that alleges a cause of action pursuant to Code of Alabama §11-47-190 (1975) and 28 U.S.C. §1331. *(Doc. 1-2)*. Although not identified as Defendants in the Complaint *(Doc. 1)*, the Notice of Claim names the City of Montgomery as Defendant in the caption and alleges the involvement of officers but none are named. *(Doc 1-2, p. 2, ¶¶ 4 - 7)*.

Additionally, Plaintiff filed Notice of Claim pursuant to Code of Alabama §11-47-190 (1975) on April 18, 2007 with the City Clerk. *(DX 1, Notice of Claim).*

Defendants filed an Answer on October 23, 2007. *(Doc. 8).*

**II**.
**NARRATIVE STATEMENT OF FACTS**

On October 17, 2006, warrant number 2006M03933 was issued for Harry L. McCall for domestic violence third degree (menacing). *(DX 2, Affidavit of Patrick J. Murphy).* The Warrant of Arrest was issued on the Deposition of Vanies D. McCall alleging that Harry L. McCall hit her with closed fist and swung a hatchet at her. *(DX 2, Affidavit of Patrick J. Murphy).*

H. G. Crosthwait responded at approximately 0304 hours on October 17th to 3325 Royal Creek Road in reference to a domestic dispute between a father and daughter. *(DX 3, Affidavit of H.G. Crosthwait).* A prior domestic call with injuries had gone out between the father and mother. *(DX 3, Affidavit of H.G. Crosthwait).* The mother was at headquarters signing a warrant. *(DX 3, Affidavit of H. G. Crosthwait).* Crosthwait confirmed the warrant was valid prior to his arrival at the residence. *(DX 3, Affidavit of H.G. Crosthwait).*

As Crosthwait pulled up to the residence, he observed McCall at his vehicle. *(DX 3, Affidavit of H.G. Crosthwait).* As Crosthwait drove up, McCall began to walk toward his house. *(DX 3, Affidavit of H.G. Crosthwait).* Crosthwait instructed McCall to remain outside using his vehicle p.a.. system but McCall ignored him and continued into his house. *(DX 3, Affidavit of H.G. Crosthwait).* Crosthwait called for backup to assist him. *(DX 3, Affidavit of H.G. Crosthwait).* Crosthwait and his back up entered the residence and McCall was taken into custody at gunpoint. *(DX 3, Affidavit of H.G. Crosthwait).*

McCall was located in a bedroom and eventually complied and was taken into custody. *(DX 3, Affidavit of H.G. Crosthwait).*

As the officers attempted to load McCall into the car, he began kicking and bouncing around. *(DX 3, Affidavit of H.G. Crosthwait).* The officers had to use leg shackles to restrain him while he was in the car. *(DX 3, Affidavit of H.G. Crosthwait).*

When they arrived at headquarters, McCall refused to answer any of Crosthwait's questions and would not sit on the booking bench. *(DX 3, Affidavit of H.G. Crosthwait).* Crosthwait had to call for another unit to help. *(DX 3, Affidavit of H.G. Crosthwait).* Two other officers responded and helped Crosthwait cuff McCall to the booking bench. *(DX 3, Affidavit of H.G. Crosthwait).* McCall complained about his handcuffs and both responding officers assured him the cuffs were not too tight. *(DX 3, Affidavit of H.G. Crosthwait).*

Shortly thereafter, Lt. R.A. Wilhoit ("Wilhoit") came by to check on Crosthwait. *(DX 3, Affidavit of H.G. Crosthwait and DX 4, Affidavit of R.A. Wilhoit).* McCall was being very belligerent and began cussing and threatening Lt. Wilhoit. *(DX 3, Affidavit of H.G. Crosthwait and DX 4, Affidavit of R.A. Wilhoit)* Wilhoit tried to calm McCall down and told him to just sit down and let the officer do his work. *(DX 3, Affidavit of H.G. Crosthwait and DX 4, Affidavit of R.A. Wilhoit)* McCall again began cussing and threatening Wilhoit and started trying to spit at them. *(DX 3, Affidavit of H.G. Crosthwait and DX 4, Affidavit of R.A. Wilhoit)*

Wilhoit told Officer Crosthwait to go ahead and take him upstairs to the jail because there were other prisoners coming in and he could pose a threat of injury to

himself and others.  *(DX 3, Affidavit of H.G. Crosthwait and DX 4, Affidavit of R.A. Wilhoit).*

On the way upstairs, McCall made multiple threats and continued to refuse to cooperate with Crosthwait. *(DX 3, Affidavit of H.G. Crosthwait).* McCall was pushing and jerking against Crosthwait. *(DX 3, Affidavit of H.G. Crosthwait).* While in the elevator, McCall looked at Crosthwait's nametag and threatened him and his family stating that he was going to find him and go to his house and kick his ass. *(Doc. 41, Crosthwait Responses ¶ 2).*   McCall continued to be uncooperative, pushing and jerking away from Crosthwait.  *(DX 3, Affidavit of H.G. Crosthwait).*

When the elevator door opened, McCall refused to get out and Crosthwait was trying to push him from the elevator into the cell.  *(DX 3, Affidavit of H.G. Crosthwait).* McCall then lunged toward Crosthwait in his face. *(DX 3, Affidavit of H.G. Crosthwait).* Crosthwait was alone with McCall and felt threatened by McCall. *(DX 3, Affidavit of H.G. Crosthwait).*   Crosthwait knew McCall had the capability and thought McCall intended to attack him. *(DX 3, Affidavit of H.G. Crosthwait).* Crosthwait pushed McCall away from him. *(DX 3, Affidavit of H.G. Crosthwait).* McCall hit the steel cell door which swung open and then stumbled forward into the plexi-glass window on the jail office. *(Doc. 1, p. 1, ¶ 5 and Doc. 1-2, p. 2, ¶ and DX 3, Affidavit of H.G. Crosthwait).*

McCall immediately stated he was going to sue and that Crosthwait had broken his arm. *(DX 3, Affidavit of H.G. Crosthwait).*   Medic Unit 90 responded to the jail and advised that McCall had no injuries but McCall insisted on going to the hospital. *(DX 3, Affidavit of H.G. Crosthwait and DX 7, Patient Care Report).* McCall was transported to Jackson Hospital. *(DX 3, Affidavit of H.G. Crosthwait).* Hospital records indicate that

McCall complained of pain in his right shoulder and forearm from being pushed into the wall at the City Jail. *(DX 8, Certified Medical Records from Jackson Hospital).* Hospital records also indicate that McCall's shoulder and elbow were x-rayed and noted as normal and no acute finding. *(DX 8, Certified Medical Records from Jackson Hospital).* McCall was diagnosed with a contusion. *(DX 8, Certified Medical Records from Jackson Hospital).* McCall was prescribed ibuprofen and instructed to take it as directed. *(DX 8, Certified Medical Records from Jackson Hospital).*

Crosthwait did not know McCall prior to October 17, 2006. *(DX 3, Affidavit of H.G. Crosthwait).* Crosthwait did not make racial slurs toward McCall. *(DX 3, Affidavit of H.G. Crosthwait).* Bright was not present when McCall was arrested nor when he was booked into the Montgomery City Jail. *(DX 5, Affidavit of Bobby Bright).* Baylor was not present when McCall was arrested nor when he was booked into the Montgomery City Jail. *(DX 6, Affidavit of A.D. Baylor).*

### III.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, identifying those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of

material fact." *Id.* at 323.  The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing, or pointing out to, the district court that the non-moving party has failed to present evidence in support of some elements of its case on which it bears the ultimate burden of proof.  *See Id* at 322-324.

Once the moving party has met its burden, Rule 56(e) "requires a non-moving party to go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, or admissions on file, designate specific facts showing there is a genuine issue for trial." *Id.* at 324.  To avoid summary judgment, the non-moving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

After the non-moving party has responded to a motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *Yannella v. City of Dothan,* 66 F. Supp. 2d 1233 (M.D. Ala. 1999).

Defendants submit that they are entitled to summary judgment as to all of Plaintiff's claims.

## IV.
### ARGUMENT

It appears from the federal form Complaint filed by McCall that his allegations are based on a claim regarding use of force against him in violation of the U.S. Constitution. *(Doc. 1).*  However there is an attachment to the Complaint titled "Notice of Claim", as well as, a Notice of Claim filed with the City Clerk that alleges state claims pursuant to *ALA. Code* § 11-47-190 (1975). However, neither the Complaint *(Doc. 1)* nor

the attachment *(Doc. 1-2)* state a cause of action and all claims against Defendants Bright, Baylor and Crosthwait are due to dismissed.

## A.   FEDERAL CLAIMS

### QUALIFIED IMMUNITY

Defendants are entitled to qualified immunity for any alleged constitutional violations.  Qualified immunity is an affirmative defense to a §1983 action against a government official sued in his or her individual capacity. *See Wilson v. Strong*, 156 F.3d 1131, 1135 (11th Cir.1998).  Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *see also Rich v. Dollar*, 841 F.2d 1558, 1563 (11th Cir.1988). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).

In order to receive qualified immunity, a public official "must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Lee v. Ferraro*, 284 F. 3d 1188, 1194 (11th Cir. 2002).  Defendants are entitled to qualified immunity for any alleged constitutional violations and summary judgment as a matter of law.

### CROSTHWAIT

To establish § 1983 liability for excessive force by Crosthwait, McCall must prove that he was deprived of a federal statutory or constitutional right by someone acting

"under color of" state law. *Parratt v. Taylor,* 451 U.S. 527, 535 (1981), *overruled on other grounds by, Daniel v. Williams,* 474 U.S. 327 (1986).

The application of de minimus force does not constitute excessive force for the purpose of qualified and/or discretionary function immunity. The Eleventh Circuit has held that "the application of de minimis force, without more, will not support a claim for excessive force in violation of the Fourth Amendment." *Nolin v. Isbell,* 207 F.3d 1253, 1257 (11th Cir.2000).

In *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed 2d 443 (1989), the Supreme Court of the United States held:

> The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.... With respect to a claim of excessive force, the same standard of reasonableness at the moment applies: "Not every push or shove, even if it may later seem unnecessary in the judge's chambers" violates the Fourth Amendment. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation.

The *Graham* Court did not establish a precise test for identifying excessive force but held that the test looked to reasonableness and that "the calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation." *Id.* at 396-97, 109 S.Ct. at 1872.

Crosthwait was dispatched to arrest McCall because a domestic violence warrant had been issued. *(DX 3, Affidavit of H.G. Crosthwait).* McCall's wife alleged that McCall hit her with his fist and swung a hatchet at her. *(DX 2, Affidavit of Patrick J. Murphy with Certified Municipal Court Records and DX 3, Affidavit of H.G. Crosthwait).* Crosthwait had to call for back up two different times and request assistance to help him with McCall. *(DX 3, Affidavit of H.G. Crosthwait).* Crosthwait never used excessive force against Harry McCall during his arrest, transport, and booking into the city jail. *(DX 3, Affidavit of H.G. Crosthwait).* At all times during McCall's arrest and booking, McCall was actively resisting and threatening Crosthwait and the officers assisting him. *(DX 3, Affidavit of H.G. Crosthwait).*

Lt. Wilhoit told Crosthwait to take upstairs to the jail from the holding area because McCall was threatening, unruly and posed an immediate threat to Crosthwait, other officers and other prisoners. *(DX 3, Affidavit of H.G. Crosthwait and DX 4, Affidavit of R.A. Wilhoit).*

On the elevator on the way upstairs, McCall made multiple threats and continued to refuse to cooperate with Crosthwait. *(DX 3, Affidavit of H.G. Crosthwait).* McCall was pushing and jerking against Crosthwait. *(DX 3, Affidavit of H.G. Crosthwait).* While in the elevator, McCall continued to be uncooperative, pushing and jerking against Crosthwait. *(DX 3, Affidavit of H.G. Crosthwait).* When the elevator door opened McCall refused to get out and Crosthwait was trying to push him from the elevator into the cell. *(DX 3, Affidavit of H.G. Crosthwait).* McCall then lunged back toward Crosthwait in his face in a threatening manner and Crosthwait thought he was trying to attack him. *(DX 3, Affidavit of H.G. Crosthwait).* Crosthwait was alone with McCall and

felt threatened by him. *(DX 3, Affidavit of H.G. Crosthwait).* Crosthwait pushed McCall away from him in self defense. *(DX 3, Affidavit of H.G. Crosthwait).*

In determining whether an officer's use of force was objectively reasonable, the Eleventh Circuit has identified the following factors: "(1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury inflicted and, (4) whether the force was applied in good faith or maliciously and sadistically." *Slicker v. Jackson,* 215 F.3d 1225, 1233 (11th Cir.2000) (internal citations and quotation marks omitted); *Leslie v. Ingram,* 786 F.2d 1533, 1536 (11th Cir.1986); *Benton v. Hopkins,* 190 Fed. Appx. 856, 859 (11th Cir. July 25, 2006) (unpublished).

Crosthwait did not know McCall prior to October 17, 2006. *(DX 3, Affidavit of H.G. Crosthwait).* Crosthwait had to call for back up twice to help him with McCall. *(DX 3, Affidavit of H.G. Crosthwait).* However when they were in the elevator, McCall and Crosthwait were alone. *(DX 3, Affidavit of H.G. Crosthwait).* Crosthwait thought that McCall was trying to assault him when he lunged toward him and pushed him away in self defense. *(DX 3, Affidavit of H.G. Crosthwai*t). McCall hit the cell door which swung open. *(DX 3, Affidavit of H.G. Crosthwait).* McCall did not fall but stumbled forward and hit the plexi-glass wall window in the jail. *(DX 3, Affidavit of H.G. Crosthwait).* McCall told Crosthwait that he had broken his arm. *(DX 3, Affidavit of H.G. Crosthwait).*

Crosthwait did not see any injuries on McCall. *(DX 3, Affidavit of H.G. Crosthwait).* The medic unit did not see any injuries on McCall. *(DX 3, Affidavit of H.G. Crosthwait and DX 7, Patient Care Report).* McCall was transported to Jackson

Hospital. *(DX 3, Affidavit of H.G. Crosthwait).* Hospital records indicate that McCall complained of pain in his right shoulder and forearm from being pushed into the wall at the City Jail. *(DX 8, Certified Medical Records from Jackson Hospital).* Hospital records also indicate that McCall's shoulder and elbow were x-rayed and noted as normal and no acute findings. *(DX 8, Certified Medical Records from Jackson Hospital).* McCall was diagnosed with a contusion and discharged. *(DX 8, Certified Medical Records from Jackson Hospital)* McCall was prescribed ibuprofen and instructed to take it as directed. *(DX 8, Certified Medical Records from Jackson Hospital).*

The Eleventh Circuit has reviewed and upheld summary judgment based on qualified immunity on the application of de minimis force. *See, e.g., Crosby v. Monroe County,* 394 F.3d 1328 (11th Cir.2004) (foot in the face causing no injury); *Nolin v. Isbell,* 207 F.3d 1253, 1255 (11th Cir.2000) (grabbed plaintiff and shoved him a few feet against vehicle, pushed knee in back and head against van, and handcuffed him); *Gold v. City of Miami,* 121 F.3d 1442, 1444 (11th Cir.1997) (handcuffed too tightly and for twenty minutes); *Jones v. City of Dothan,* 121 F.3d 1456, 1458 (11th Cir.1997) (slammed plaintiff against the wall, kicked legs apart and required plaintiff to raise hands above head as officers carried out arrest); *Post v. City of Fort Lauderdale,* 7 F.3d 1552, 1556 (11th Cir.1993) (pushed plaintiff against wall while handcuffed), *modified,* 14 F.3d 583 (11th Cir.1994); *see also Lee v. Ferraro,* 284 F.3d 1188, 1199-1200 (11th Cir.2002) (discussing these *de minimis* force cases); *McReynolds v. Ala. Dep't of Youth Servs.,* 204 Fed. Appx. 819, 822 n. 1 (11th Cir. Oct. 30, 2006) (unpublished).

McCall cannot argue that Crosthwait should not defend himself and that any use of force is unlawful. To determine whether the amount of force used by a police officer

was appropriate, the court must consider "whether a reasonable officer would believe that this level of force is necessary in the situation at hand." *Willingham v. Loughnan*, 261 F.3d 1178, 1186 (11th Cir. 2001).

Reviewing the factors set out by cases in the Eleventh Circuit regarding de minimus and excessive force claims as applied to the claims and injuries of McCall, Crosthwait is entitled to qualified immunity. It is undisputed that Crosthwait was, at all relevant times, acting within the line and scope of his duty performing discretionary acts and applied the least amount of force in self defense. Crosthwait did not act maliciously or with intent to cause McCall harm. Crosthwait reacted in self defense and "the actual force used and the injury inflicted were both minor in nature. Given such variables, the application of the excessive force standard would not inevitably lead an official in the defendant officer's position to conclude that the force was unlawful."*Nolin,* 207 F.3d at 1256-57.

Therefore the first prong of the qualified immunity test is satisfied and he is entitled to qualified immunity. To be shielded from suit by qualified immunity, a public official must first show that he was acting within the scope of his discretionary authority. *Vinyard v. Wilson*, 311 F.3d 1340, 1336 (11th Cir.2002). If he does so, the burden then shifts to the plaintiff to show, first, facts establishing that a constitutional violation occurred, and second, that the constitutional right was clearly established at the time of the violation. *Hope v. Pelzer*, 536 U.S. 730, 122 S.Ct. 2508, 2513, 153 L.Ed.2d 666 (2002); *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001).

### BRIGHT AND BAYLOR

McCall names Bright and Baylor as Defendants in his Complaint. *(Doc. 1).* McCall indicates in his answer to interrogatories that they are named as Defendants because they are superiors of Crosthwait and Crosthwait was acting within the line and scope of his duties. *(Doc. 21, ¶ 3).* The evidence shows that Defendants Bright and Baylor had no contact with McCall. *(DX 5, Affidavit of Bobby Bright and DX 6, Affidavit of A.D. Baylor).*

A supervisor sued in his individual capacity in a federal civil rights action is entitled to qualified immunity unless a reasonable supervisor would have known that his actions were unlawful in light of clearly established law and information that he possessed. *Dolihite v. Maughon*, 74 F. 3d 1027 (11th Cir. 1996), cert. denied, 519 U.S. 870 (1997). Such liability must be predicated on either actual participation in the unconstitutional act by the supervisor or a causal connection between the supervisor's action and a plaintiff's injury. *Id.* In this case there was neither.

Again, Baylor nor Bright had any contact with McCall. *(DX 5, Affidavit of Bobby Bright and DX 6, Affidavit of A.D. Baylor).* Baylor nor Bright had anything to do with McCall's arrest. *(DX 5, Affidavit of Bobby Bright and DX 6, Affidavit of A.D. Baylor).* There is no causal connection between any action (or inaction) by Chief Baylor, Mayor Bright and McCall's alleged injuries. Therefore, Bright and Baylor are entitled to qualified immunity. *See e.g. Gold v. City of Miami*, 121 F. 3d 1442 (11th Cir. 1997), cert. denied, 525 U.S. 870 (1998) (police chief entitled to qualified immunity for alleged failure to train officers which such failure to train was alleged to have caused injury);

*Baker v. Putnal*, 75 F. 3d 190 (5th Cir. 1996) (no proof of police chief's knowledge of gravity of situation so that he could have responded in time to prevent plaintiff's injury).

Plaintiff's Complaint alleges no personal involvement on the part of Mayor Bright or Chief Baylor. Therefore, the suit against Defendants Bright and Baylor based on any § 1983 claims must fail and summary judgment granted as a matter of law.

### CITY OF MONTGOMERY

City of Montgomery ("City") is not named as a Defendant in the Complaint. *(Doc. 1)*. Although not named in the Complaint, McCall names the City as a Defendant in the attachment. *(Doc. 1-2)*. However there are no allegations in the attachment that would create liability on the City.

McCall has not alleged anything against the City or against individual named Defendants in their official capacity that would impose liability on the City. A city official sued in his official capacity the suit is simply "another way of pleading an action against the entity of which the officer is an agent." *Todd v. Kelley*, 783 So.2d 31, 38 (Ala. Civ. App. 2000), *citing Kentucky v. Graham,* 473 U.S. 159, 165 (1985), *Monell v. New York Dept. of Social Services*, 436 U.S. 658 (1978). "Such suits against municipal officers are therefore, in actuality, suits against the city that the officer represents." *Busby v. City of Orlando*, 931 F. 2d 764, 776 (11th Cir. 1991). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity … It is not a suit against the official personally, for the real party in interest is the entity*." Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985) (internal citation omitted).

For liability pursuant to 42 U.S.C. § 1983 to attach to a municipality, it must be shown that the municipal official or employee caused the deprivation of one's statutory or constitutional rights by acting pursuant to official governmental policy. McCall has not stated any claims that would impose liability on the City.

A governing entity cannot be held liable in an action brought pursuant to 42 U.S.C.A. § 1983 under a theory of respondeat superior. *Monell v. Department of Social Services of New York City,* 436 U.S. 658, 694 (1978). In *Monell*, the Supreme Court held that municipalities cannot be liable under §1983 on the theory of respondeat superior, but rather, can be liable under that statute only if they maintain unconstitutional or illegal policies or customs; absent unconstitutional or illegal policies or customs, municipalities and their officials may not be sued for the acts of their employees. Moreover, a plaintiff must show that an official policy was the reason behind the alleged constitutional deprivation. *Farred v. Hicks,* 915 F. 2d 1530 (11th Cir. 1990).

In the present case, McCall cannot succeed on claims that would make the City of Montgomery liable under 42 U.S.C. § 1983.

## B. STATE CLAIMS

### STATE AGENT DISCRETIONARY FUNCTION IMMUNITY

Defendants are entitled to state agent discretionary function immunity for any alleged state law claims. Crosthwait was, at all relevant times, acting within the line and scope of his duty performing discretionary acts.

Bright, Baylor and Crosthwait are the only named Defendants on the Complaint. *(Doc. 1).* McCall has not identified in what capacities they are sued however there are no allegations of any actions by any of the named Defendants outside the line and scope

of their duties.   Additionally, McCall's attachment *(Doc. 1-2, p. 2, ¶ 3)* contends that certain police officers were acting in the line and scope of their employment with the City of Montgomery. McCall's Answers to Interrogatories *(Doc. 21, ¶ 3)* contends that Bright and Baylor are superiors of Crosthwait and are "accessories to the act of assault and battery".

Defendants are entitled to state agent discretionary function immunity. Section 6-5-338, *Code of Alabama*, 1975 statutorily provides law enforcement officers with immunity from state law tort claims arising out of acts committed while the law enforcement officers engage in the performance of discretionary functions.   The performance of the discretionary functions must be within the scope of the officer's law enforcement duties.   Section 6-5-338(a) states as follows:

> [E]very peace officer, except constables, who is employed or appointed pursuant to the Constitution or statutes of this state, whether appointed or employed as such peace officer by the state or a county or a municipality thereof, or by an agency or institution, corporate or otherwise, created pursuant to the Constitution or laws of this state and authorized by the Constitution or laws to appoint or employ police officers or other peace officers, and whose duties are prescribed by the law, or by the lawful terms of their employment or appointment include the enforcement of, or the investigation or reporting of violations of, the criminal laws of this state, and who is empowered by the laws of this state to execute warrants, to arrest and to take into custody persons who violate, or who are lawfully charged by warrant, indictment or other lawful process with violations of, the criminal laws of this state shall at all times be deemed to be officers of this state, and as such shall **have immunity from tort liability** arising out of his or her conduct in the performance of any discretionary function within the line and scope of his or her enforcement duties. (Emphasis supplied).

16

Since *Ex parte Cranman,* 792 So.2d 392 (Ala.2000), the Alabama Supreme Court examines peace officer immunity pursuant to § 6-5-338 as state-agent immunity rather than the classification of ministerial versus discretionary functions. In *Cranman,* the Court held:

> A State agent shall be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's
>
> (1)    formulating plans, policies, or designs; or
>
> (2)    exercising his or her judgment in the administration of a department or agency of government, including, but not limited to, examples such as:
>
> > (a)    making administrative adjudications;
> > (b)    allocating resources;
> > (c)    negotiating contracts;
> > (d)    hiring, firing, transferring, assigning, or supervising personnel; or
>
> (3)    discharging duties imposed on a department or agency by statute, rule, or regulation, insofar as the statute, rule, or regulation prescribes the manner for performing the duties and the State agent performs the duties in that manner; or
>
> (4)    exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons; or
>
> (5)    exercising judgment in the discharge of duties imposed by statute, rule, or regulation in releasing prisoners, counseling or releasing persons of unsound mind, or educating students."

It cannot be disputed that Crosthwait was "engaged in the performance of discretionary functions at the time the alleged torts occurred". Crosthwait arrested McCall based a warrant that had been issued for domestic violence. *(Doc. 1-2, p. 2, ¶ 5 and DX 3, Affidavit of H.G. Crosthwait).* Crosthwait was taking McCall to be booked

into the Montgomery City Jail on the domestic violence charge. *(DX 3, Affidavit of H.G. Crosthwait).*

*Cranman* identifies an exception and states that a state agent shall not be immune from civil liability in his or her personal capacity:

(1)   when the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise; or

(2)   when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law.

*Cranman*, 792, So. 2d 405.

As set out above, McCall cannot produce any evidence that would show a violation of law by Defendants, or even allow an inference that Defendants acted in any way willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law.

Prior to October 2006, Crosthwait did not know Harry McCall *(DX 3, Affidavit of H.G. Crosthwait).* Bright nor Baylor were involved with McCall's arrest or booking into the Montgomery City Jail.   *(DX 5, Affidavit of Bobby Bright and DX 6, Affidavit of A.D. Baylor).*

According to *Alabama Pattern Jury Instruction*, 29.01 "willfulness" is the "conscious doing of some act or omission of some duty under knowledge of existing conditions accompanied with a design or purpose to inflict injury."   The charge distinguishes between "wanton conduct" and "wanton injury" because purpose and intent or design to injure is not necessary for wantonness.  Additionally, the charge states:

> But in 'willful conduct' and 'willful injury' a purpose or intent or design to injure is an ingredient; where a person with knowledge of the danger or peril to another consciously pursues a course of conduct with design, intent, and purpose of inflicting injury then he is guilty of willfulness.

*Id.*

There is no evidence of such intent by Defendants in the present case. There is no evidence to indicate that Defendants ever knew Plaintiff prior to the incident which is the basis of this lawsuit.

Nor are Defendants guilty of malice toward Plaintiff. *Black's Law Dictionary*, 862 (5th ed. 1979), defines malice as the "intentional doing of a wrongful act without just cause or excuse, with intent to inflict injury under circumstances that the law will imply an evil intent.... A condition of mind which prompts a person to do a wrongful act willfully, that is, on purpose to the injury of another, or to do intentionally a wrongful act toward another without justification or excuse." Elsewhere § 6-11-20, *Code of Alabama*, 1975, defines malice "as the intentional doing of a wrongful act without just cause or excuse either with an intent to injure the person or property of another person. . . or under such circumstances that the law will imply an evil intent."

Again, there is not evidence of such intent by Defendants in the present case. Neither Bright nor Baylor was present at the time of McCall's arrest or booking. *(DX 5, Affidavit of Bobby Bright and DX 6, Affidavit of A.D. Baylor).* Crosthwait had to call for back up units to assist him with McCall due to his disorderly conduct and resistance at McCall's house and at headquarters. *(DX 3, Affidavit of H.G. Crosthwait).* Crosthwait testified that he was alone with McCall in the elevator and felt that McCall was trying to assault him when he lunged at him getting off of the elevator. *(DX 3, Affidavit of H.G. Crosthwait).* Crosthwait reacted in self defense when pushed McCall away from him.

### SOVEREIGN IMMUNITY

Section 6-5-338, Code of Alabama (1975), specifies governmental or sovereign immunity from tort liability for the conduct of police officers in the line of duty. The statute provides that police officers in the line of duty "shall at all times by deemed to be officers of this state, and as such shall have immunity from tort liability arising out of his or her conduct in the performance of any discretionary function within the line and scope of his or her law enforcement duties." *ALA. Code* §6-5-338 (1975).

The operative words contained in the statute are that a law enforcement officer is deemed to be an "officer of the state." As a consequence, he/she is entitled to the sovereign or governmental immunity established by Article I §14 of the Constitution of Alabama (1901). That constitutional provision provides that the State of Alabama shall never be made a defendant in any court of law or equity. The courts of Alabama have held that a sheriff and his deputies are officers of the state and have sovereign immunity pursuant to Article I §14 of the Alabama Constitution of 1901. *Drain v. Odom*, 631 So. 2d 971 (Ala. 1994); *Wright v. Bailey*, 611 So. 2d 300 (Ala. 1992) (deputy sheriff entitled to sovereign immunity in action alleging failure to arrest motorist he knew or should have known was intoxicated); *Boshell v. Walker County Sheriff*, 598 So. 2d 843 (Ala. 1992) (sheriff immune from suit seeking damages for assault and false arrest); *Hereford v. Jefferson County*, 586 So. 2d 209 (Ala. 1991) (sheriff and deputy immune from robbery victim's suit based on release of prisoner who was serving a life term).

Section 6-5-338 makes a municipal police officer an officer of the state. Thus, Defendants are entitled to the same immunity that is provided to sheriffs and deputy sheriffs by Article I §14 of the Alabama Constitution. Plaintiff's claims against

20

Defendants in their individual capacities are statutorily barred pursuant to § 6-5-338, and summary judgment should be granted on this ground as to all claims against them in their individual capacities.

As stated, *ALA. Code* §11-47-190 (1975) provides that an action against a municipality may only lie for the "neglect, carelessness, or unskillfulness" of its agents. Mere allegations of negligence will not suffice.

Section 6-5-338(b), *Code of Alabama*, 1975 provides immunity not only to peace officers but governmental units and agencies authorized to appoint peace officers. The statute is explicit that liability will not attach unless a police officer acts willfully or maliciously. Additionally, a municipality cannot be deemed to act with malice. *Neighbors v. City of Birmingham,* 384 So.2d 113 (Ala. 1980). Accordingly, the City of Montgomery is also entitled to immunity from those causes of action. After all, "if a municipal police officer is immune pursuant to § 6-5-338(a), then, pursuant to § 6-5-338(b), the city by which he is employed is also immune." *City of Crossville v. Haynes,* 925 So.2d 944, 955 (Ala.2005).

The City is entitled to summary judgment as a matter of law for any intentional tort claims. Alabama law is very clear that a municipality is not liable for the intentional torts of its agents. § 11-47-190, *Code of Alabama*, 1975 (city liability for injury to another exists only if injury "suffered through neglect, carelessness or unskillfulness of some agent, officer or employee engaged in work therefor ..."); *Ex parte City of Gadsden*, 718 So.2d 716, 721 (Ala. 1998 )(holding that a municipality cannot be held liable for intentional torts committed by its agents).

21

The City may claim immunity and not be held liable for wanton and intentional acts of its agents in accordance with both statutory and case law. *ALA. Code* §11-47-190 (1975), *Hilliard v. City of Huntsville*, 585 So.2d. 889 (Ala. 1991).

### NOTICE OF CLAIM NOT TIMELY FILED

The claims for which McCall was filed this lawsuit occurred on October 17, 2006. *(Doc. 1, ¶ 4)*. McCall's Notice of Claim was dated April 17, 2007 and received by the City Clerk on April 18, 2007 from an attorney, William Turner. *(DX 1, Notice of Claim)*.

*ALA. Code* § 11-47-23 (1975) provides the limitation periods for presentation of claims against municipalities and states:

> All claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim or shall be barred. Claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred.

*ALA. Code* § 11-47-190 (1975) does not state a cause of action but rather sets out when a municipality may be held liable for damages or injury caused by an agent, officer or employee of the municipality. Specifically, *ALA. Code* § 11-47-190 (1975) states:

➡ **§ 11-47-190. When municipality liable; joint liability of other persons or corporations.**

> No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such injury or wrong was done or suffered through the neglect, carelessness or unskillfulness of some agent, officer or employee of the municipality engaged in work therefor and while acting in the line of his or her duty, or unless the said injury or wrong was done or suffered through the neglect or carelessness or failure to remedy some defect in the streets, alleys, public ways or buildings after the same had been called to the attention of the council or other governing body or after the same had existed for such an unreasonable length of time as to raise a

22

> presumption of knowledge of such defect on the part of the council or other governing body and whenever the city or town shall be made liable for damages by reason of the unauthorized or wrongful acts or negligence, carelessness or unskillfulness of any person or corporation, then such person or corporation shall be liable to an action on the same account by the party so injured. However, no recovery may be had under any judgment or combination of judgments, whether direct or by way of indemnity under Section 11-47-24, or otherwise, arising out of a single occurrence, against a municipality, and/or any officer or officers, or employee or employees, or agents thereof, in excess of a total $100,000 per injured person up to a maximum of $300,000 per single occurrence, the limits set out in the provisions of Section 11-93-2 notwithstanding.

McCall's Notice of Claim was received by the City Clerk on April 18, 2007 which was 183 days from October 17, 2006, the date the accrual of said claim; therefore, any tort claims are time barred.

## V.
### CONCLUSION

It is unclear if McCall is attempting to state a cause of action in violation of the U.S. Constitution or a cause of action under state law claims. *(Doc. 1).* There is an attachment to the Complaint titled "Notice of Claim", as well as, a Notice of Claim filed with the City Clerk that alleges state claims pursuant to *ALA. Code* § 11-47-190 (1975). However, neither the Complaint *(Doc. 1)* nor the attachment *(Doc. 1-2)* state a cause of action and all claims against Defendants Bright, Baylor and Crosthwait are due to dismissed.

The application of de minimus force does not constitute excessive force for the purpose of qualified and/or discretionary function immunity. Defendants are entitled to

qualified and/or state agent discretionary function immunity on all of Plaintiff's claims

and summary judgment granted on all claims as a matter of law.

 Respectfully submitted this 18th day of August, 2008.

         /s/ Kimberly O. Fehl
         Kimberly O. Fehl (FEH001)
         Attorney for Defendants

OF COUNSEL:
City of Montgomery
Legal Department
Post Office Box 1111
Montgomery, AL 36101
(334) 241-2050 Telephone
(334) 241-2310 Facsimile

## CERTIFICATE OF SERVICE

 I hereby certify that on August 18th, 2008, I sent a copy of the foregoing to the

Plaintiff via U.S. mail, first-class postage pre-paid to:

  Harry L. McCall
  3325 Royal Creek Road
  Montgomery, AL 36116

        /s/ Kimberly O. Fehl
        Kimberly O. Fehl (FEH001)



HARRY L. MCCALL,
        CLAIMANT

vs.

CITY OF MONTGOMERY, ALABAMA
and CERTAIN MPD POLICE OFFICER(S)

<u>NOTICE OF CLAIM</u>

    COMES NOW, Harry l. McCall and hereby give notice of his claim for injuries and damages against the City of Montgomery, Alabama , and its employee, Certain Police Officers, pursuant to the laws of the State of Alabama, specifically Municipal Tort Liability, Ala Code: 1975, Section 11-47-190.

    1. My name is Harry L. McCall. I am over the age of nineteen (19) years and I am a resident of the City of Montgomery, Montgomery County, Alabama.

    2. The City of Montgomery is a municipality and body politic, incorporated, organized and existing pursuant to the laws of the State of Alabama.

    3. At all times Certain Police Officer(s) exhibited conduct and actions which forms the underlying basis of this claim, and it is expected that he (they) acted within the line and scope of his (their) employment with the City of Montgomery.

    4. On or about 17 October, 2006, Harry L. McCall was arrested for a domestic violence claim. Officer W.G. Crosswaite, and / or other officers handled Mr. McCall roughly by pushing him into a steel door on several occasions, creating injury to several parts of Mr. McCall's body, to the point he sought and received medical attention after he was released from jail.

    5. There were ugly name calling by the officer(s) against Mr. McCall.

    6. The actions on the part of the City of Montgomery, and the police officers were negligent, unskillfull, careless and / or tortious .

    7. The actions of the police officers are violation of the laws of the State of Alabama, for which the City of Montgomery is liable pursuant to Ala. Code 1975, Section 11-47-190, Municipal Tort Liability.

    8. As a direct and proximate result of the actions of the City of Montgomery and its agents, servants, representatives, and employees, specifically the police officers, I have suffered injuries and damages.

    9. I have suffered said injuries and damages as a direct and proximate result of the



DEFENDANT'S EXHIBIT
DX 1

negligence, carelessness, unskillfulness, and / or tortious action of said employees, agents, servants, and / or representatives of the City of Montgomery, while he (they) were engaged in work therefore and while supposingly acting within the line and scope of his(their) duty.

WHEREFORE, PREMISES CONSIDERED, I hereby give statutory notice of my claim against the City of Montgomery, and demand compensation for injuries and damages from the City of Montgomery, pursuant of Ala. Code 1975, section 11-47-190, Municipal Tort Liability, in the amount of One Hundred Thousand Dollars ($100,000.00).

Harry L. McCall
Claimant

ADDRESS OF ATTORNEY:
William H. Turner
449 South McDonough Street
Montgomery, Alabama 36104
Telephone: (334) 265-7818

## VERIFIED STATEMENT OF CLAIM

Before me, the undersigned Notary Public, for the State of Alabama, appeared HARRY L. McCALL, claimant to the above-styled cause and upon being duly sworn by me, this 17th day of April, 2007, states under oath that the allegation set forth above is true and correct

WITNESS MY HAND AND OFFICIAL SEAL.

Notary Public
My commission expires: 12/30/2008

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HARRY L. McCALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: **2:07-CV-870-WKW-CSC** |
| | ) | |
| H.G. CROSTHWAIT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF PATRICK MURPHY

| | |
|---|---|
| STATE OF ALABAMA | ) |
| COUNTY OF MONTGOMERY | ) |

Before me, the undersigned authority, personally appeared Patrick Murphy, who is known to me and who, being first duly sworn, deposed on oath, and says as follows:

My name is Patrick Murphy. I am over nineteen years of age. I am employed with the City of Montgomery as the Montgomery Municipal Court Administrator. It is in that capacity that I state the following:

1.    I am the custodian of records for the Municipal Court of Montgomery, Alabama. Attached to my affidavit are certified copies of the court file for *Municipality of Montgomery v. Harry Lamont McCall,* Case No. 2006CRA006715A, for the charge of Domestic Violence 3rd (Menacing).

2.    The Warrant Number is 2006M03933 and the deposition was signed by Complainant Vanies O. McCall on October 17, 2006.

3.    These records are a true and complete copy of the Montgomery Municipal Court Records pertaining to the aforementioned case.

1



I have read the above and foregoing affidavit consisting in total of two (2) pages and state that it is true and correct to my present knowledge and information.

Patrick Murphy, Court Administrator

**SWORN to and SUBSCRIBED before me this the** 12TH **day of August, 2008.**



Notary Public
My Commission Expires

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: July 18, 2009
BONDED THRU NOTARY PUBLIC UNDERWRITERS

2

I HEREBY CERTIFY THAT THIS IS A TRUE AND
CORRECT COPY OF THE ORIGINAL DOCUMENT ON
FILE IN THE MONTGOMERY MUNICIPAL COURT.

PATRICK J. MURPHY
CLERK OF
MONTGOMERY MUNICIPAL COURT

DATE: _____

| State of Alabama<br>City of Montgomery | **COURT RECORD<br>CASE ACTION SUMMARY** | Case Number<br>**2006CRA006715A** |
|---|---|---|
| Form MMC-1010    Rev. 10/03 | | PAGE 1 OF 4 |

IN THE MUNICIPAL COURT OF _____ MONTGOMERY _____ , ALABAMA

*(Name of Municipality)*

MUNICIPALITY OF    **MONTGOMERY**    v.    **HARRY LARMONT MCCALL**

Defendant

## DEFENDANT IDENTIFICATION AND INFORMATION

| Social Security Number<br>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 | Date of Birth<br>09/10/1963 | Home Address<br>3325 ROYAL CREEK RD | | |
|---|---|---|---|---|
| Race<br>B | Sex<br>M | City<br>MONTGOMERY | State<br>AL | Zip Code<br>36116 |
| Height | Weight | Home Telephone Number | | |
| Eye Color | Hair Color | DOMESTIC VIOLENCE Employer Name & Address | | |
| Driver License State<br>AL | Driver License Number<br>7039599 | City | State | Zip Code |
| Other / Distinguishing Features: | | Employer Telephone Number | | |

Offense / Charge:    **(06L(05))  DOMESTIC VIOLENCE 3RD (MENACING)**

Complainant - Victim / Arresting Officer:    VANIES MCCALL

Bondsman / Surety:    MCCALL,FREDDIE,LOUISE,    Bond Amount:    500.00

| Date of Offense | Date Warrant Issued | Date Committed to Jail | Date Released on Bond | Arraignment Date | Trial Date |
|---|---|---|---|---|---|
| 10/17/2006 | | | | 11/08/2006 | 12-21 |

PROSECUTOR NAME:    *Buster Russell*    DEFENSE COUNSEL NAME:

ARRAIGNMENT:    ARRAIGNMENT:

TRIAL:    TRIAL: NOV 0 8 2006

PLEA OF DEFENDANT:    ☐ GUILTY AS CHARGED    ☒ NOT GUILTY    ☐ GUILTY OF:

## ADJUDICATION

☐ GUILTY AS CHARGED    ☐ NOT GUILTY    ☒ NOL-PROSSED    ☐ DISMISSED

☐ GUILTY OF:

MAR 16 2007    *Karen Walker*

DATE    JUDGE, CITY OF MONTGOMERY

## ACTIONS, JUDGMENTS, CASE NOTES

SENTENCED TO _____ DAYS IN JAIL, SUSPEND _____ DAYS.

FINE:  $ _____    COURT COST:  $ _____    SUBPOENA / ALIAS<br>WARRANT FEES:  $ _____

**TOTAL FINE, COST & FEES:**  $ _____    PAYMENT<br>DUE DATE:

**STATE OF ALABAMA**
**COUNTY OF MONTGOMERY**

## <u>GENERAL RELEASE</u>

For and in consideration of the City of Montgomery, Alabama, forebearing criminal prosecution against _____ HARRY LARMONT MCCALL _____ , in Case Number _____ 2006CRA006715A _____ presently pending in the Municipal Court of Montgomery, Alabama, the undersigned and the undersigned's heir, executors, or administrators, do hereby release, remise, acquit and forever discharge the City of Montgomery and all of its agents, servants, employees, officers, successors, administrators, assigns, parent companies, subsidiary companies, associated companies, insurance carriers, attorneys, and the released parties, from any and all past, present and future claims, demands, actions, causes of action, suits, damages, loss and expenses, including litigation expenses and attorneys' fees, of whatever kind or nature, and whether known or unknown, including, but not limited to , any and all actions or claims for damages to property, bodily, or personal injury, resulting from false arrest, false imprisonment, or malicious prosecution, arising under the laws or Constitution of the State of Alabama or the United States, for or on account of or resulting or to result from the incident which occurred on or about _____ , the facts and circumstances giving rise to Case Number _____ 2006CRA006715A _____ , and/or Claim Number(s) _____ , and from any other claim, of every type and nature whatsoever, that could be made against the released parties for any act occurring up to the date of execution of this Release.

The released parties do not admit liability of any sort but to the contrary expressly deny the same, and said released parties have made no agreement or promise to do or omit to do any act or thing not herein set forth, and the undersigned further understands that this Release is being executed to terminate all controversy and/or claims for injuries or damages of whatsoever nature, known or unknown, including future developments thereof, in any way growing out of or connected with said incident.

The undersigned acknowledges and agrees that he/she has read, and/or has had read out loud to him/her the foregoing Release and fully understands its contents.

_**I am signing this Release freely and voluntarily and intend to be bound by it.**_

Executed, this the _____ day of _____ , _____ .

_____
(Name of the Accused)

_____
(Witness)

_____
(Witness)

| State of Alabama<br>City of Montgomery | CASE ACTION SUMMARY (CONTINUATION)<br>SENTENCING ORDER | Case Number |
|---|---|---|
| Form MMC-1010      Rev. 10/03 | | 2006CRA006715A<br>PAGE 3 OF |

Offense / Charge: DOMESTIC VIOLENCE 3RD (MENACING)

Defendant Name: **HARRY LARMONT MCCALL**

| DATE | JUDGE'S<br>INITIALS | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|---|
| | | The Defendant shall enroll, participate and complete the: |
| | | ☐ Anger Management Program        ☐ E.V.E.N. PROGRAM |
| | | 1ST REVIEW DATE: _____ |
| | | 2ND REVIEW DATE: _____ |
| | | 3RD REVIEW DATE: _____ |
| | | The Defendant shall enroll, participate and complete the Court Referral Program. |
| | | 1ST REVIEW DATE: _____ |
| | | 2ND REVIEW DATE: _____ |
| | | 3RD REVIEW DATE: _____ |
| | | Defendant is prohibited from entering the premises of _____ |
| | | _____ for a period of _____ |
| | | The Defendant shall complete _____ hours of community service at |
| | | _____ |
| | | The Defendant shall participate in the Victim-Offender Conferencing Program |
| | | (Criminal Mediation), and report to court for review on: _____ |
| | | (PFA) full. History of DV mal-pros 2002 & 2000. Set hearing to reconsider if Wife requests that PFA order be vacated; SAP; D would not accept counsel of P D Link. D instructed to get private counsel. D exhibited hostility towards PD & displeasure with Court but did remain reasonably respectful in open court. D demanded dismissed actions to P.D. Referred to Mr. Daniel. See SA → |
| DEC 2 1 2006 | | 2-15-07 SAP (A) |
| | | VFTA: D here thru counsel (Bill Turner). |
| | | SAP (A gave Long history of mental health |

SEE SUMMARY ACTION SHEET FOR ADDITIONAL ORDERS

| State of Alabama City of Montgomery Form MMC501? Rev. 10/03 | CASE ACTION SUMMARY (CONTINUATION) SENTENCING ORDER & PAYMENT SHEET | | Case Number 2006CRA006715A PAGE 4 OF 4 | |
|---|---|---|---|---|
| | 2 | 3 | 4 | |
| 5 → | 6 | 7 | 8 | |
| 9 → | 10 | 11 | 12 | |
| PAYMENTS | | | | |

# MONTGOMERY MUNICIPAL COURT

## CASE ACTION SUMMARY SUPPLEMENT SHEET

| Defendant: | Harry Larmont McCall | Docket Number: | |
|---|---|---|---|
| Date | | Actions, Judgments, Case Notes | |
| DEC 2 1 2006 | P D Luck stated that he felt physically threatened personally by △ while talking to him in chambers. | | |
| FEB 1 5 2007 | 3-16 8:30 AM VFTH; D present; see affidavit from Victim. | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| State of Alabama<br>City of Montgomery | **PROTECTION ORDER**<br><br>(Family Violence Protection Order Enforcement Act)<br>§30-5A-1, et seq., Code of Alabama 1975 | Case Number<br><br>**2006CRA006715A** |
|---|---|---|

IN THE MUNICIPAL COURT OF _____ **MONTGOMERY** _____, **ALABAMA**

(Name of Municipality)

**MUNICIPALITY OF _____ MONTGOMERY _____ v. HARRY LARMONT MCCALL** _____

IN REBUS: CHARGE OF DOMESTIC VIOLENCE 3RD (MENACING)    **Defendant**

Complainant-Victim:    **Vanies McCall** _____

## DEFENDANT IDENTICATION AND INFORMATION

| Social Security Number<br>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 | Date of Birth<br>09/10/1963 | Home Address<br>3325 ROYAL CREEK RD | | |
|---|---|---|---|---|
| Race<br>B | Sex<br>M | City<br>MONTGOMERY | State<br>AL 36116 | Zip Code |
| Height | Weight | Home Telephone Number<br>334-281-2319 | | |
| Eye Color | Hair Color | Employer Name & Address | | |
| Driver License State<br>AL | Driver's License Number<br>7039599 | City | State | Zip Code |
| Other | | Employer Telephone Number | | |

After hearing all of the evidence, and having heard and considered the arguments of counsel, the court finds a history of violence and abuse exists, and has been committed by the Defendant.

Wherefore, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Defendant is hereby:

[x] (1)    Enjoined from threatening to commit any further acts of abuse, or threatening to commit and any act of assault, criminal coercion, harassment, menacing, reckless endangerment, trespass, unlawful imprisonment, harassing communications, or stalking, as defined under the Code of Alabama 1975.

[x] (2)    Prohibited from harassing, annoying, telephoning, contacting, or otherwise communicating, directly or indirectly, with the complainant-victim.

[x] (3)    Ordered to stay away from the residence, school, and/or place of employment of the complainant-victim, and to refrain from approaching the complainant-victim in any public place if the Defendant should see the complainant-victim.

[x] (4)    Ordered not possess a firearm or other weapon of any kind, and that such weapon is not necessary for employment as a peace officer or military personnel.

This **ORDER** shall be effective for a period of _____ 1 YEAR _____, from the date of execution, and shall be effective throughout the state, as provided under the Family Violence Protection Order Enforcement Act.

December 21, 2006 _____

Date

_____

Judge, Montgomery Municipal Court

**NOTICE TO DEFENDANT:** A violation of this **ORDER** is a Class A misdemeanor which may be punishable by a fine not to exceed two thousand dollars or imprisonment for up to a year in jail, or both, and is also punishable by the contempt powers of the issuing court.

Original: Court Record    Copy: Defendant    Copy: Complainant-Victim    Copy: Domestic Violence Unit, Montgomery Police Dept.

| State of Alabama<br>Unified Judicial System<br><br>Form C-64(a)(front)  Rev. 11/92 | **DEPOSITION** | Warrant Number<br>2006 M03933<br>Case Number |
|---|---|---|

**IN THE**  **MUNICIPAL**  **COURT OF**  **MONTGOMERY,**  **ALABAMA**

(Circuit, District or Municipal)          (Name of Municipality or County)

☐ STATE OF ALABAMA          [X] MUNICIPALITY OF  **MONTGOMERY**

v. ☒ *Harry L. McCall* _____ , Defendant

---

## INSTRUCTIONS: COMPLETE THE FOLLOWING INFORMATION ON THE ACCUSED

Name of Accused (or Alias): *Harry L. McCall*          Telephone Number:

Social Security Number:          Driver's License Number:          Date of Birth: *9-10-63*   Age: *43*   Race: *B*   Sex: *M*

Height: *5 7½*   Weight: *160*   Hair: *Bald*   Eyes: *Brown*   Complexion: *Dark Brown*

Address of Accused: *3325 Royal Creek Rd*   City: *Montg.*   State: *AL*   Zip: *36116*

Name of Employer: *N/A*          Employer's Telephone Number:

Address of Employer: *N/A*   City:          State: */*   Zip:

---

## INSTRUCTIONS: COMPLETE THE FOLLOWING INFORMATION ON THE OFFENSE

Offense: *Harry L. McCall Domestic Violence Third Degree (Menacing)*

Date and Time of Offense: *about 1:54 Am   10-17-06*

Place of Occurrence: *at Home at 3325 Royal Creek Rd montg.*

Person Attacked or Property Damaged: *Vanies D. Mccall*

How Attacked: *Fist Hit with closed Fist and swung Hatchett at at me.*

Did Accused Possess or Use a Weapon? [✓] Yes   [ ] No   Type: *Hatchett*

Damage Done or Injuries Received: *Swollen eye Chin and Shoulder.*

Value of Property:

Details of Offense: *I Vanies Mccall the wife of Harry Mccall Question him about the time that he keep leaving home and coming back at the time that he does such as 12:00 PM. and he said dont question him he is grown and that I am not his wife and that I belong to someone else and that I have sex all over town. and he call me all kind of Hores and Bitches and he stands in my Face and call me a maget and he hit me in my Face and I ask him Why he do these things to me and he said because he dont want me any more and I am not shit and that I am his hore and he spit in my Face. and I called the police and he tried to wipe my Face and still was Fighting me and our daughter tried to stop him and then he through her into the couch and he said that he was going to ruin my life and he grab a hatchord and swung it at me and ran out of the door. I was standing at our Front door when he tie swung the Hatcett and me, and I had to move out*

*Deporsetion*

I also think that he was trying to frighten me with the Hatchett. and the night before he hit me on my Shoulder with his Fist and tonight he punched me in my Face and caus extreme damage to my Face and Chin. the incedent with the Hatchett was took place on and about 1:54 am on Oct. 16-06

| Form C-64 (a) (back)    Rev. 11/92 | **DEPOSITION** |
|---|---|

Any Law Enforcement Agency Contacted?  ☑ Yes    ☐ No
If yes, which one? _____

## INSTRUCTIONS: COMPLETE THE FOLLOWING INFORMATION ABOUT YOURSELF

Name of Complainant   *Vanies O. McCall*                                      Telephone Number

Social Security Number          Driver's License Number      Date of Birth        Age      Race      Sex

Home Address                       *See Domestic Violence Log*          City          State      Zip

Name of Employer                                                    Employer's Telephone Number

Address of Employer                       City                              State      Zip

I make this statement for the purpose of securing a **WARRANT/SUMMONS** against the named accused. I understand that I am instituting a criminal proceeding and cannot dismiss this case. I further understand that if any of the foregoing facts are untrue, I may, in addition to any other punishment provided by law, be taxed with court costs in this proceeding.

Sworn to and Subscribed before me this

*17th*

_____ day of

*October, 2006*

_____
Judge/Clerk/Magistrate

x *Vanies O. McCall*
Complainant

## WITNESSES

| Name | Address | Telephone Number |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

## MAGISTRATE NOTES

Warrant or Summons Issued?  ☑ Yes    ☐ No          Warrant Number: *2006 MO 3933*

| State of Alabama<br>Unified Judicial System | **COMPLAINT**<br><br>(Felonies, Misdemeanors, or Violations -<br>District or Municipal Court) | Warrant Number<br>**2006M03933** |
|---|---|---|
| Form CR-6          Rev. 8/98 | | Case Number |

IN THE _____ **MUNICIPAL** _____ COURT OF _____ **MONTGOMERY** _____ , ALABAMA
                         (Circuit, District, or Municipal)                                              (Name of Municipality or County)

☐ STATE OF ALABAMA

☒ MUNICIPALITY OF MONTGOMERY v. _____ HARRY LARMONT MCCALL  (000238478A) _____
                                                                                          Defendant (NWS Jacket Number)

---

Before me, the undersigned authority, personally appeared this day the undersigned complainant who, upon first being duly sworn, states on oath that he/she has probable cause for believing, and does believe that _____ HARRY LARMONT MCCALL _____ ,

Defendant, whose name is otherwise unknown to the complainant, did, prior to the commencement of this action, on or about

_____10/17/2006_____ (date of occurrence) commit the offense of **DOMESTIC VIOLENCE THIRD DEGREE (MENACING)**

within the

☐ County of _____

☒ City/Town of _____ **MONTGOMERY** _____ or in the police jurisdiction thereof, in that he/she did: (State specific facts here.  Continue on a

separate sheet of paper if needed.)     by physical action, intentionally place or attempt to place another person, to wit:

VANIES D. MCCALL _____ , in fear of imminent serious physical injury by, to wit: _____

BY PICKING UP A HATCHETT AND SWINGING IT AT HER _____

_____

_____

—and the victim is a current or former spouse, parent, child, or a person with whom the defendant has a child in common, a present or

former household member, or  a person who has or had a dating or engagement relationship with the defendant, to wit:

SPOUSE, CHILD IN COMMON AND PRESENT HOUSEHOLD MEMBER _____ ,

in violation of

☐ Section _____ , Alabama Code 1975.

☒ Municipal Ordinance Number  125-79 _____ which embraces Section  13A-6-132(a) _____ Alabama Code 1975,
   previously adopted, effective and in force at the time the offense was committed.

☐ Other _____

Sworn to and Subscribed before me this                                   _Vanies D. McCall_

_17TH_ _____ day of                          Complainant

OCTOBER _____ , _2006_ _____        SEE DOMESTIC VIOLENCE LOG BOOK
                                                                      Address

_[signature]_ _____

Judge/Magistrate/Warrant Clerk                       Telephone Number

## WITNESSES

| Name | Address | Telephone Number |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

Additional Witnesses on Reverse Side.

MONTGOMERY MUNICIPAL COURT
320 NORTH RIPLEY STREET
MONTGOMERY, AL 36104-2722
(334) 241-2776

If you wish to bring a criminal case against an individual you must provide a photo ID to the Magistrate. A Warrant of Arrest or Summons to Appear will be issued by a Magistrate only if they find probable cause that a criminal offense occurred, and the person identified committed it. You must provide the name, race, sex and date-of-birth and address of the person you wish to bring charges against. Falsely swearing to a complaint is punishable as a felony. If a Warrant of Arrest or Summons to Appear is issued by a Magistrate, **you are responsible for notifying the Clerk of Court IN WRITING of any changes of YOUR home or work address and phone numbers until the case is disposed of by a Judge.** You must appear in court as ordered and cooperate with the prosecution of this case. Failing to notify the Clerk of Court of your address changes, failing to cooperate in the service of a subpoena, and failing to appear in court as ordered may result in your arrest and being held in contempt of court. Additionally, you may be ordered to pay court costs in any case dismissed because you failed to cooperate with the prosecution/disposal of the case.

HOME:

X  Vanies D. McCall (Complainant Name)

3325 Royal Creek Rd (Complainant Home Address)

Montg  AL (Complainant City, State)

334 - 281 - 2319 (Complainant Home Phone Number)

N/A (Complainant Other Phone Number - Pager, Cellular)

WORK:

Salon 312 (Complainant's Employer Name)

3414 Norma Brigde Rd (Complainant's Employer Address)

Montg. AL 36116 (Complainant's Employer City, State)

(Complainant's Employer Phone Number)

NAME AND ADDRESS OF NEAREST RELATIVE NOT LIVING WITH YOU:

F  Brender Williams (Name)

Aunt (Relationship)

3235 BraeBurn Dr. (Address)

Montg . AL (City, State)

6/3 - 7715 (Phone Number)

CONFIDENTIAL DOCUMENT
NOT FOR PUBLIC INFORMATION

| State of Alabama<br>Unified Judicial System<br><br>Form CR-58 (front)          Rev. 8/98 | **WARRANT OF ARREST**<br>(Felonies, Misdemeanors, or Violations) | Warrant Number<br>2006M03933<br><br>Case Number |
| --- | --- | --- |

**IN THE**     <u>MUNICIPAL</u>     **COURT OF**     <u>MONTGOMERY</u>     **, ALABAMA**
<span style="padding-left:2em">(Circuit, District, or Municipal)</span>           (Name of Municipality or County)

☐ STATE OF ALABAMA

☒ MUNICIPALITY OF MONTGOMERY v.       <u>HARRY LARMONT MCCALL   (000238478A)</u>
<span style="padding-left:20em">Defendant (NWS Jacket Number)</span>

### TO ANY LAW ENFORCEMENT OFFICER WITHIN THE STATE OF ALABAMA:

☒ Probable cause has been found on a Complaint filed in the court against (name or description of person to be arrested)

<u>HARRY LARMONT MCCALL</u>

charging the offense of   **DOMESTIC VIOLENCE THIRD DEGREE (MENACING)**

<u>                   </u> as described in the Complaint.

☐ An indictment has been returned by the grand jury of this county against (name or description of person to be arrested)

charging the offense of <u>                   </u>

<u>                   </u> as described in the Complaint.

☒ **YOU ARE THEREFORE ORDERED** to arrest the person named or described above and bring that person before a judge or magistrate of this court to answer the charges against that person and have with you then and this Warrant of Arrest with your return thereon.

If a judge or magistrate of this court is unavailable, or if the arrest is made in another county, you shall then take the accused person before the nearest or most accessible judge or magistrate in the county of the arrest.

☒ You may release the accused person without taking the accused before a judge or magistrate:

☒ If the accused person enters into a bond in the amount of $   **1,000.00**   with sufficient sureties approved by an authorized officer or by depositing cash or negotiable bonds in the amount with the court clerk.
   **---OR---**

☒ If the accused person posts an appearance bond in the amount of $   **1,000.00**

☐ On his or her personal recognizance.

<u>Tuesday, October 17, 2006  03:48 AM</u>
Date

<u>                        </u>
Judge/Court Clerk/Magistrate/Warrant Clerk

Form CR-58 (back)   Rev. 8/98

**WARRANT OF ARREST**
(Felonies, Misdemeanors, or Violations)

## CERTIFICATE OF EXECUTION

I, the undersigned law enforcement officer, certify that I executed the foregoing **WARRANT OF ARREST** by arresting the accused person named (or described ) therein at _____ 0900 _____ o'clock ☑ a.m. ☐ p.m.

on the _17 OCT 06_ day of _OCT_ , 20 _06_

in **MONTGOMERY** COUNTY, ALABAMA.

After arrest, the accused person was:

☐ Released as authorized at _____ o'clock ☐ a.m. ☐ p.m. _____ , 20 _____

☐ Taken before ☐ Judge ☐ Magistrate at _____ o'clock ☐ a.m. ☐ p.m.

_____ , 20 _____

Date _17 OCT 06_                            Signature/Title/Agency

## IDENTIFICATION OF ACCUSED PERSON

| Name of Accused Person | | Telephone Number |
|---|---|---|
| HARRY LARMONT MCCALL | | 334-281-2319 |

| Social Security Number | Drivers License Number & State | Date of Birth | Age | Race | Sex |
|---|---|---|---|---|---|
| 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 | 7039599  AL | 09/10/1963 | | B | M |

| Height | Weight | Hair | Eyes | Complexion | |
|---|---|---|---|---|---|
| 507 | 160 | Black | Brown | | DARK BROWN |

| Address of Accused | City | State | Zip Code |
|---|---|---|---|
| 3325 ROYAL CREEK RD | MONTGOMERY | AL | 36116 |

| Name of Employer | | Telephone Number |
|---|---|---|
| | | |

| Address of Employer | City | State | Zip Code |
|---|---|---|---|
| | | | |

## WITNESSES

| Name | Address | Telephone Number |
|---|---|---|
| | | |
| | | |
| | | |

## ACKNOWLEDGEMENT BY ACCUSED PERSON

☐ I hereby acknowledge that at the time of my release from custody I was directed to appear in person before the court, as follows:

Place: 320 NORTH RIPLEY STREET, MONTGOMERY, ALABAMA 36104-2722  (334) 241-2776

Date: _____ , 20 _____

Time: _____ o'clock ☐ a.m. ☐ p.m., and as thereafter needed until discharged.

☐ I promise to appear as directed before the court, as follows:

Place: 320 NORTH RIPLEY STREET, MONTGOMERY, ALABAMA 36104-2722  (334) 241-2776

Date: _____ , 20 _____

Time: _____ o'clock ☐ a.m. ☐ p.m., and as thereafter needed until discharged.

Date                                     Signature of Accused Person

*MUNICIPAL*

| State of Alabama Unified Judicial System<br><br>Form CR-10    Rev. 8/98 | **CONSOLIDATED APPEARANCE BOND**<br>(District Court, Grand Jury, Circuit Court) | Case Number<br>2006H-3233<br>2006CLA006715A |
| --- | --- | --- |

IN THE **Municipal** _____ COURT OF **Montgomery** _____, ALABAMA
   *(Circuit or District)*                    *(Name of County)*

STATE OF ALABAMA  v.  **Harry  L.  McCall**
                                            **Defendant**

I, **Harry L. McCall** _____ (Defendant), as principal,
and I (we), **Freddie P. McCall** _____
                           (Please print)
_____, as surety(ies), agree
to pay the State of Alabama the sum of $ **1000.00** and such costs as authorized by law unless the above-named defendant
appears before the district court of the county on **November 8, 2006** (date) at **8:30** **A**.M. (time) (if date and time
are unknown, the words "the scheduled" may be placed in the date blank and a line may be placed in the space for time) and from time
to time thereafter until discharged by law or at the next session of circuit court of the county; there to await the action by the grand jury
and from session to session thereafter until discharged by law to answer to the charge of _____
**Domestic Violence (Menacing)** _____, or any other charge as authorized by law.
   We hereby severally certify that we have property valued over and above all debts and liabilities that has a fair market value equal
to or greater than the amount of the above bond, and we, and each of us, waive the benefit of all laws exempting property from levy and
sale under execution or other process for the collection of debt by the constitution and laws of the State of Alabama, and we especially
waive our rights to claim as exempt our wages or salary that we have under the laws of Alabama, and our rights to homestead exemption
that we have under the Constitution of Alabama and the laws of the State of Alabama, as set out in a separate writing.
   It is agreed and understood that this is a consolidated bond, eliminating the necessity for multiple bonds and that it shall continue
in full force and effect, until the defendant appears before the district court or circuit court, whichever has jurisdiction, to answer the above
charge, and from time to time thereafter until the defendant is discharged by law, or, until such time as the undersigned sureties are
otherwise duly exonerated as provided by law.
   Signed and sealed this date with notice that false statements are punishable as perjury.

Signature of Defendant
X **Harry L. McCall**                                                                 (L.S.)
Address (print) **3325 Royal Creek Rd**  City **Montgomery**  State **AL**  Zip **36116**

| Signature of Surety/Agent of Professional Surety or Bail Company<br>**Freddie P. McCall** (L.S.) | Signature of Surety/Agent of Professional Surety or Bail Company<br>(L.S.) |
| --- | --- |
| Social Security Number **334 84 949**    Telephone Number **334 548 6209** | Social Security Number       Telephone Number |
| Address (print) **752 Pine St P.O. Box 628 Hayneville Al 36040**  City  State  Zip | Address (print)       City  State  Zip |
| Signature of Surety/Agent of Professional Surety or Bail Company<br>(L.S.) | Signature of Surety/Agent of Professional Surety or Bail Company<br>(L.S.) |
| Social Security Number       Telephone Number | Social Security Number       Telephone Number |
| Address (print)       City  State  Zip | Address (print)       City  State  Zip |

Approved by: Judge/Magistrate/Sheriff **Willie Daughtery**

**10-17-2006**                              By: Deputy Sheriff **Sgt. Leon Daughtery**
Date

| Defendant's Information | | | |
| --- | --- | --- | --- |
| Date of Birth **9/10/1963** | Sex **Male** | Height **5'7** | Weight **160** | Employer |
| Social Security Number **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** | Race **Black** | Hair **Blk** | Eyes **Bro** | Employer's Address |
| Driver's License Number  State<br>(   ) | Telephone Number | | | Employer's Telephone Number |

**COURT RECORD:** Original          **DEFENDANT:** Copy          **SURETY:** Copy

| State of Alabama<br>Unified Judicial System<br><br>Form CR-25    Rev. 8/98 | LIEN AND AFFIDAVIT OF SURETIES<br>(Property Owners for Bail) | Case Number<br><br>2006CRA006715A |

IN THE _____ MUNICIPAL _____ COURT OF _____ MONTGOMERY _____, ALABAMA
(Circuit, District, or Municipal)    (Name of Municipality or County)

☐ STATE OF ALABAMA    ☒ MUNICIPALITY OF _MONTGOMERY_

V. _____ HARRY L. MCCALL _____
Defendant

_____ FREDDIE P. MCCALL _____

Sureties

Before me, the undersigned authority, personally appeared _____ FREDDIE P. MCCALL _____, as sureties, who first by me being duly sworn, on oath, deposed and says:
That he or she possesses the qualifications and is sufficient to become a surety and that he or she is the owner of the following described property, and that he or she pledges the property as collateral on the above-named defendant's bail:

Legal Description of Property Owned:

732 PINE ST, (P. O. BOX 628)
HAYNEVILLE, AL  36040

Value:    $42,400.00

TOTAL VALUE:    $42,400.00

(1) The encumbrances on the above-described property are as follows:

N/A

Property owners are qualified to make bail in an amount equal to the total unencumbered value.
(2) That the total number of bails, executed for other people than my immediate family within the year, including this one is _____, in the aggregate amount of _____.
(3) That the above-listed real property is not exempt from forced sale under the Constitution and laws of the State of Alabama.
(4) That the property is free of mortgages, liens, and encumbrances other than those listed above.
(5) That I am not an attorney, a judicial official, or a person authorized to take bail and that I own property in this state that has a fair market value equal to or greater than the amount of the appearance bond in this cause, exclusive of property exempt from execution and above and over all liabilities, including the amount of all other outstanding appearance bonds entered into by me.
(6) I have been advised that if I have provided any false information in the above affidavit, I could be charged with a crime and be punished according to the law.

X Freddie P McCall (L.S.)    X 732 Pine St - P.O. Box 628
Surety    Address

_____ (L.S.)    _____
Surety    Address

_____ (L.S.)    _____
Surety    Address

Sworn to and Subscribed before me in
Montgomery, Alabama, on this
the _17_ day of _October 2006_

John H. [signature]
Notary Public/Officer (Title)

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Aug 11, 2010
BONDED THRU NOTARY PUBLIC UNDERWRITERS

Original (White): Court Record    Yellow Copy: Surety

| State of Alabama | | Case Number |
| --- | --- | --- |
| Unified Judicial System | **CONDITIONS OF RELEASE** | 2006CRA006715A |
| Form CR-48    Rev. 7/2000 | **DOMESTIC VIOLENCE CASE** | 2006M-393 |

IN THE _____ **MUNICIPAL** _____ COURT OF _____ **MONTGOMERY,** _____ **ALABAMA**
      (Circuit, District or Municipal)            (Name of County or Municipality)

☐ STATE OF ALABAMA

☒ MUNICIPALITY OF _____ **MONTGOMERY** _____ v. _____ **HARRY L. MCCALL** _____
                                                                        Defendant

This court hereby orders that the defendant be released upon the following conditions:

A. Execution of a secured appearance bond in the amount of $900.00 $1,000.00.

    This amount is set based on the following findings: The Court finds that the defendant is a threat to the alleged victim, to wit:
    **VANIES MCCALL** _____; that the defendant is a threat to public safety, to wit: _____; or

    that the defendant is reasonably likely to appear in court, to wit: _____;

B. Restraining Order: Based upon a finding by the Court that a history of violence or abuse exists, the defendant shall not harass, annoy, alarm, threaten, intimidate, assault, or otherwise bother or harm, _____ **VANIES MCCALL** _____
                                                                              (Name)

C. MANDATORY CONDITIONS OF RELEASE

1. The defendant must appear to answer and submit to all orders and processes of the court having jurisdiction over the case.
2. The defendant must refrain from committing any criminal offense.
3. The defendant may not depart from the State of Alabama without approval or the leave of the court having jurisdiction of this case.
4. The defendant must promptly notify the court of any changes of his/her address or telephone number.

D. OTHER CONDITIONS OF RELEASE:

    A. The defendant is enjoined from threatening to commit or committing acts of domestic violence against the alleged victim as provided in subdivisions (1) through (4) of subsection (b) of section 15-10-3, *Code of Alabama* 1975 or Act No. 2000-266;

    ☐ The defendant is prohibited from telephoning, contacting, or otherwise communicating with the alleged victim with the intent to harass, either directly or indirectly;

    ☐ The defendant is ordered to stay away from the home of the alleged victim, when the defendant and alleged victim are not residents of the same home;

    ☒ The defendant is ordered to stay away from the following location: underline victim's place of employment _____ where the alleged victim is likely to be; or any place where defendant knows the victim to frequent or be;

    ☒ The defendant is prohibited from possessing a firearm or other weapon, as follows: **ANY TYPE DANGEROUS** and that such weapon is not necessary for employment as a peace officer or military personnel; **INSTRUMENT**

Other conditions: _____

    The provisions of this Release Order may be revoked or modified by the court for cause or as required to protect the safety of the alleged victim or to ensure the appearance of the person in court. Upon report of a violation of any of the above conditions, a Warrant for the defendant's arrest will be issued. A law enforcement officer may arrest with or without a Warrant for violation of the above Restraining Order issued as a condition of release.

**OCTOBER 17, 2006**
Date

Served on defendant this date, _____ **OCTOBER 17 2006** _____, by _____

Judge/Magistrate _____

The above Conditions of Release have been read and explained to me, and I have received a copy of this Order, and understand same and agree to abide by them.

**OCTOBER 17, 2006**
Date

Defendant's Signature *Harry L. McCall*

**3325 Royal Creek Rd**
Defendant's Address

**334 281-2319**
Defendant's Telephone Number

**Montgomery AL 36116**
City            State   Zip Code

Rule 7.2, ARCrP
Rule 7.4, ARCrP
Act No. 2000-266

15 MAR 07

AFAdavit

Vanies McCall
3325 Royal Creek Rd
Montgomery AL 36116
(334) 281-2319

Montgomery Municipal Court
320 North Ripley ST
Montgomery AL 36104-272
(334) 241-2776

Comes here now, Vanies D. McCall to request
that the Municipal court of Montgomery, Al
grant Plantiff (Vanies McCall) Spousal privelege
and not Prosecute, Case # 2006 CRA006715A
I refuse to in any Manor, To Testify against
My husband (HARRY McCall) defendent in this case.
I assure the court that our relationship
has reconciled, And more over it will cause
Total hardship and damige to our family

Structure, that in No way can be repaired.
I am sincerely and Totally pleading with the
Municipal Court to drop this case. Please! do so
and aquit Harry McCall in this matter.
I am OF sound mind and have clear Judgement
with no pressure or threats From anyone. I
am only Trying to preserve the Life OF my Family.

Sincerely!

Vanies D. McCall

STATE OF ALABAMA
COUNTY OF MONTGOMERY

SUBSCRIBED TO AND SWORN to before me this 15th day of March, in the year,
2007, A.D.

_____
Notary Public
My commission expires 12/30/2008

IN THE MUNICIPAL COURT FOR
MONTGOMERY, ALABAMA

CITY OF MONTGOMERY,                    )
              PLAINTIFF

                                       )

V.                                                      Case No. 2006-cra006715A

                                       )

HARRY LARMONT McCALL,
              DEFENDANT                 )

### MOTION FOR CONTINUANCE

Comes now the defense in the above styled and numbered cause and moves this Honorable Court for a continuance. Undersigned attorney was recently retained, and this case is set for 15 February, 2007. Attorney and Client has not had the opportunity to talk, and client is in Houston, and could not get here for this hearing and we request that this matter be reset. The continuance for resetting of this matter is requested to be for a short time period.

WHEREFOR THESE PREMISES CONSIDERED, the defense moves for a continuance and resetting.

Respectfully submitted,

William H. Turner
Attorney for Defendant

ADDRESS OF ATTORNEY:
449 South McDonough Street
Montgomery, Alabama 36104
Telephone: (334) 265-7818

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the CITY PROSECUTOR, via personal delivery on this the 14th day of February, in the year 2007.

Criminal / Continuance / McCall







IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HARRY L. McCALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: **2:07-CV-870-WKW-CSC** |
| | ) | |
| H.G. CROSTHWAIT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### AFFIDAVIT OF HARRIS G. CROSTHWAIT

| | |
|---|---|
| STATE OF ALABAMA | ) |
| COUNTY OF MONTGOMERY | ) |

Before me, the undersigned authority, personally appeared Harris G. Crosthwait, who is known to me and who, being first duly sworn, deposed on oath, and says as follows:

My name is Harris G. Crosthwait and I am over nineteen (19) years of age. I am currently employed for the City of Montgomery as a Corporal with the Montgomery Police Department. It is in that capacity that I state the following:

1.      On October 17, 2006, at approximately 0304 hours, 3325 Royal Creek Road in reference to a domestic dispute between a father and daughter. A prior domestic call with injuries had gone out between the father and mother. The mother was at headquarters signing a warrant. I confirmed the warrant was valid prior to my arrival at the residence.



DEFENDANT'S
EXHIBIT
3

2.    When I arrived at 3325 Royal Creek Road, Montgomery, Alabama, Mr. McCall was outside of the residence. Mr. McCall turned to go into the residence and I instructed him through my p.a. system not to go into the house but he ignored me.

3.    I called for a back-up unit to assist me with going into the house to find Mr. McCall. Mr. McCall was located in a bedroom and eventually taken into custody at gunpoint.

4.    As I attempted to put Mr. McCall into the car, he began kicking and bouncing around. I had to use leg shackles to restrain him while he was in the car. Mr. McCall continued to be unruly, cursing, and threatening me and resisted being taken out of the car when we arrived at headquarters.

5.    When we got to headquarters, Mr. McCall continued to be unruly and threatening, refused to answer any questions, and would not sit on the bench in the holding area. I again had to call for back-up to assist me in handcuffing the subject to the bench in the holding area. The subject complained about his handcuffs and both responding officers assured him the cuffs were not too tight.

6.    My supervisor, Lt. R. A. Wilhoit came to the holding area. Mr. McCall continued cursing and being disorderly and belligerent. I was instructed by Lt. Wilhoit to stop what I was doing and take the subject up to the jail to prevent him from possibly harming me, other officers, other prisoners, or himself.

7.    Mr. McCall continued making multiple threats and refused to cooperate. I attempted to try to gain custody and control of Mr. McCall, but he was pushing and jerking against me. When the elevator door opened to the holding cell, he refused to get out. I was trying to get Mr. McCall out of the elevator and he was still pushing and

2

jerking against me then he lunged back toward my face in a threatening manner. I knew Mr. McCall had the capability to assault me and I thought he was trying to attack me. I pushed him back away from me in self defense. The cell door was not completely closed shut. Mr. McCall did not fall but he hit the cell door and when it swung open, he stumbled into the plexi-glass wall window.

8.    Mr. McCall immediately stated he was going to sue and that I had broken his arm.    Medic Unit 90 responded to the jail and advised that Mr. McCall had no injuries, but Mr. McCall insisted on going to the hospital. I told him that he would have to pay for it. Mr. McCall was then transported to Jackson Hospital however I am not aware of if he paid for it or the City paid for it.

9.    At all times during this incident, Mr. McCall was uncooperative, threatening and unruly. Throughout the entire time that I dealt with Mr. McCall, I used the least amount of force and not excessive force to maintain custody and control of Harry McCall during his arrest, transport, and booking into the city jail. I never hit or maced Harry McCall. I was alone with Mr. McCall and pushed him away from me in an attempt protect myself because I felt that he intended to harm me. I had already had to call two times and request assistance to handle Mr. McCall.

10.    I was dispatched to arrest Mr. McCall because a warrant for domestic violence had been issued for him. His wife had signed a warrant on Mr. McCall alleging that he hit her with his fist and swung a hatchet at her.    At the time of this incident, I was acting within the line and scope of my duties as a police officer effectuating the arrest and incarceration of Harry McCall. As an officer of the State of Alabama, it is my duty to

3

execute warrants, to arrest and to take into custody persons who are lawfully charged by a warrant.

11.    I did not observe any injuries to Harry McCall.

12.    I never used any racial slurs or tried to insult or humiliate Harry McCall.

13.    I did not know Harry McCall prior to arresting him on October 17, 2006.

I have read the above and foregoing affidavit consisting in total of four (4 ) pages and state that it is true and correct to my present knowledge and information.

Further Affiant saith not.

HARRIS G. CROSTHWAIT

SWORN to and SUBSCRIBED before me this the _18th_ day of August, 2008.

Notary Public

My commission  expires

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Mar 28, 2011
BONDED THRU NOTARY PUBLIC UNDERWRITERS

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **HARRY L. McCALL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: **2:07-CV-870-WKW-CSC** |
| | ) | |
| **H.G. CROSTHWAIT**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### AFFIDAVIT OF R.A. WILHOIT

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| **COUNTY OF MONTGOMERY** | ) |

Before me, a Notary Public in and for said State and County, personally appeared

R.A. Wilhoit and, after first being duly sworn by me, did depose and state as follows:

My name is R.A. Wilhoit and I am over nineteen years of age. I am a Lieutenant

with the City of Montgomery. It is in that capacity that I state the following:

1.       On October 17, 2006, I was assigned to third shift patrol and was the

supervisor for Officer H.G. Crosthwait.

2.       I was at headquarters and heard Officer Crosthwait request assistance and

so I went to the holding area to see what kind of problem he had.

3.       I saw a subject, that I later learned was Harry McCall, in the holding area

that was being very belligerent. He was cussing and threatening to kick my ass. He told

me if you let me out of here, I will show you.

4.       I tried to calm him down and told him to just sit down and let the officer

do his work. He again began cussing me and threatening me and started trying to spit at

us.



DEFENDANT'S
EXHIBIT

DX 4

5.    I told Officer Crosthwait to go ahead and take him upstairs to the jail because we had other prisoners coming in and he could pose a threat of injury to himself and others.

6.    The holding area is a good area for the officers to work in if the subjects are cooperating with the officers, however when they are threatening and being uncooperative, we take them upstairs for their safety and the safety of other prisoners being booked into the jail.

I have read the above and foregoing affidavit consisting of two (2) pages and state that it is true and correct to my present knowledge and information.

**Further affiant saith not.**

_____
R. A. Wilhoit

**SWORN to and SUBSCRIBED before me this** 14th **day of August, 2008.**

_____
Notary Public
My commission expires _10/16/09_

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| HARRY L. McCALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: **2:07-CV-870-WKW-CSC** |
| | ) |
| H.G. CROSTHWAIT, et al., | ) |
| | ) |
| Defendants. | ) |

### AFFIDAVIT OF BOBBY BRIGHT

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| **COUNTY OF MONTGOMERY** | ) |

Before me, a Notary Public in and for said State and County, personally appeared Bobby N. Bright and, after first being duly sworn by me, did depose and state as follows:

My name is Bobby N. Bright and I am over nineteen years of age. I have first hand knowledge of the facts contained in this affidavit, and am competent to testify thereto. I am the Mayor of the City of Montgomery.

I was not present or involved in the Plaintiff's arrest or booking process into the Montgomery Municipal Jail.

I have read the above and foregoing affidavit consisting of one (1) page and state that it is true and correct to my present knowledge and information.

**Further affiant saith not.**

Bobby N. Bright, Mayor
City of Montgomery

SWORN to and SUBSCRIBED before me this _13th_ day of August, 2008.

Notary Public
My commission expires

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Mar 7, 2009
BONDED THRU NOTARY PUBLIC UNDERWRITERS

**DEFENDANT'S EXHIBIT**
DX 5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

RECEIVED
AUG 1 3 2008
CITY ATTORNEY'S
OFFICE

HARRY L. McCALL,                )
                                )
    Plaintiff,                  )
                                )
v.                              )    Case No.: **2:07-CV-870-WKW-CSC**
                                )
H.G. CROSTHWAIT, et al.,         )
                                )
    Defendants.                 )

### AFFIDAVIT OF A.D. BAYLOR

STATE OF ALABAMA              )
COUNTY OF MONTGOMERY          )

    Before me, a Notary Public in and for said State and County, personally appeared A.D. Baylor and, after first being duly sworn by me, did depose and state as follows:

    My name is A.D. Baylor and I am over nineteen years of age. I am employed with the City of Montgomery as the Chief of Police. It is in that capacity that I state the following:

    I was not present or involved in the Plaintiff's arrest or booking process into the Montgomery Municipal Jail.

    I have read the above and foregoing affidavit consisting of one (1) page and state that it is true and correct to my present knowledge and information.

    **Further affiant saith not.**

_____
A.D. Baylor

**SWORN** to and **SUBSCRIBED** before me this 12th day of August, 2008.

_____
Notary Public
My commission expires 2-17-2010

DEFENDANT'S
EXHIBIT
DX 6

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Feb 17, 2010
BONDED THRU NOTARY PUBLIC UNDERWRITERS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **HARRY L. McCALL,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: **2:07-cv-870-WKW-CSC** |
| | ) |
| **H.G. CROSTHWAIT**, et al., | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF AUTHENTICITY

I hereby certify that the attached is a true and complete copy of the records pertaining to

Harry L. McCall, DOB: 9/10/63, kept in the offices of the Montgomery Fire Department in my

custody, and that I am the custodian and keeper of said records.

I further certify that said records were made and kept in the ordinary course business at

the time of the treatment, diagnosis, or activity to which they refer or within a reasonable time

thereafter, and that it was in the regular course of business for such records to be made at the

time of the events, transactions or occurrences to which they refer, or within a reasonable time

thereafter.

Signed this the 18th day of August, 2008.

_____
CUSTODIAN OF RECORDS

SUBSCRIBED AND SWORN TO before me on this the 18th day of August, 2008.

_____
NOTARY PUBLIC

RETURN THIS NOTARIZED CERTIFICATE AND RECORDS TO: City of Montgomery
Attorney's Office, P. O. Box 1111, Montgomery, AL 36101-1111

1

**DEFENDANT'S EXHIBIT**
**7**

## Emergency Medical Run Report

☐ NON-EMERGENCY  ☐ O.C.L.  Canceled By

| Incident Date | Incident # | Run # | Service Name | State ID # | Unit # / Shift |
|---|---|---|---|---|---|
| 11-17-06 | 23836 | 221 | MFD | 313 | 90A |

**Call Location** 320 N. Ripley St

Call Type

**Patient Info**

**Name** Harry McCall  Age 43  D.O.B. 9-10-63  Gender M

**Address** 3325 Royal Creek Rd  SSN #  Race B

**City, State Zip**  Phone

Call Method: 911, Telephone, Private, ☒ Police Department, Sheriff Office, State Trooper

**Times**
Call Received 0351
Dispatched
Enroute
Location / On Scene 0355
Transport
Destination \ Hospital
In Service 0401

**Medical History**

Current Medications: Brought With Patient ☒None
List Attached  ☐Unknown
Allergies ☒None  ☐Unknown

COPY

Miles To Scene 3
Miles From Scene

**Medical History**
☒None, Allergies, Asthma, Cardiac, COPD, Diabetes, HTN, Resp. Fail, Other
Unknown, AMS/Behav, Cancer, CHF, CVA, Drug/Alch, Renal Fail, Seizure, Other

**Chief Complaint** Pain R arm + shoulder

**Run Info**

| AVPU Scale | Speech | Skin | Color | Respirations | Pulse | Pupils |
|---|---|---|---|---|---|---|
| ☒Alert | Coherent | ☒Normal | ☒Normal | Normal | Normal | P.E.A.R.L. |
| Voice | Incoherent | Moist | Cyanotic | Crowing | Rapid | Dilated L/R |
| Pain | Hysterical | Dry | Pale | Distressed | Slow | Fixed L/R |
| Unresponsive | Slurred | Hot | Flushed | Irregular | Regular | Unequal L/R |
| Combative | Silent | Cool | Ashen | Absent L/R | Irregular | Pinpoint L/R |
| Deceased | Abusive | Other | Jaundice | Other | Weak, Thready | Sluggish L/R |
| Other | Other | | Other | | Absent | Blind L/R |

| TIME | PULSE | RESP | SAO2 | Systolic | Diastolic | Procedure | Medication/IV Solution | Route | Dosage/Rate | Medic 1/2/3/4 | Notes/Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 0357 | 100 | 20 | 100 | 150 | 100 | | | | | | |

**NARRATIVE**

Pt stated injured R upper arm + shoulder when PD pushed him into bars + window @ jail. Pt in police custody. No obvious injuries noted. Good PMS x4. Pt requested trans ER for eval. PD stated would trans to jail. Turned over to PD.

PD

**PERSON RECEIVING PATIENT** DATE  X

**PATIENT DISPOSITION**  TRANSPORTED BY / TO  PD/jail

☐P.O.V. ☐REFUSED ☐AMBULANCE/E ☐AMBULANCE/NON E ☐HEARSE/DFS ☒OTHER ☐NONE

**PATIENT OUTCOME** ☐IMPROVED ☐NO CHANGE ☐DETERIORATED

**CREW MEMBER 1** NUMBER 8627716
**CREW MEMBER 2** NUMBER 0100633
**CREW MEMBER 3** NUMBER
**CREW MEMBER 4** NUMBER

**AUTHORIZING PHYSICIAN** DATE
**MEDICAL CONTROL #**
I HAVE RECEIVED A COPY OF THIS AGENCIES PRIVACY POLICY

**SIGNATURE** DATE
THIS IS TO CERTIFY THAT I AM REFUSING TREATMENT / TRANSPORT AND HAVE BEEN INFORMED OF THE RISKS OF DOING SO.

PATIENT  DATE  WITNESS  DATE



**JACKSON HOSPITAL**

## CERTIFICATION OF MEDICAL RECORDS

I, Bobby Ray James Jr., hereby certify and affirm in writing that I am the Release of Information Coordinator of Jackson Hospital, a hospital organized or operated pursuant to or under the laws of Alabama, located at Montgomery, Alabama, and that I am custodian of the records that are attached within.

I further certify to the best of my knowledge, that the within copy of said hospital records are an exact, full, true and correct copy of said hospital records kept in the regular course of business for such records, pertaining to **Harry McCall** for the requested dates of service **10/17/2006** to the **Present.**

All of which I hereby certify and affirm on this 18th[th] day of August 2008.

Total Pages Certified: 10

Bobby Ray James Jr., MSM
Custodian of Records

Sworn to and Subscribed before me on the 18th day of August 2008.

NOTARY PUBLIC

My Commission Expires: 10/16/09

**DEFENDANT'S EXHIBIT**
0X 8

# EMERGENCY DEPARTMENT

**JACKSON HOSPITAL**
1725 PINE ST.
MONTGOMERY, AL 36106-1117

MCCALL, HARRY LARMONT
10-78-79  0629800015  09/10/63  43Y M
QER -          S          QER
PARRISH, VICKIE G                10/17/06

*City Jail*

## INITIAL PATIENT DATA

DATE: 10/17/06    ARRIVED BY: ☑ AMBULATORY ☐ AMBULANCE ☐ WHEELCHAIR ☐ CARRIED    VALUABLES: ☐ WITH PATIENT ☐ SEE FLOW SHEET    DPT CURRENT ☐ YES ☐ NO    LMP: 10/17

TIME: 0430    INITIAL VITAL SIGNS    TEMP: 98.0    ☑ ORAL ☐ RECTAL    PULSE: 99    RESP: 18    B/P: 142/109    SaO2: 98%    WEIGHT: 160    INITIAL PAIN LEVEL (SCALE 0-10): 10/10

AGE: 43    ALLERGIES: NKDA    LATEX ALLERGY ☐ YES ☐ NO    Started: ___ hrs ago. Relieve by:  nothing  Tx PTA:

HOME MEDICATIONS: None    Character/Quality/sharp/ dull/ache  stabbing/ burning/pressure/other

## TRIAGE ASSESSMENT

☐ N/A    CHIEF COMPLAINT: P reports being pushed into wall @ city jail. c/o pain ® shoulder / upper ® elbow. Also reports foreign city Jail

TRIAGE CATEGORY: ☐ RED ☐ YELLOW ☑ GREEN

LEARNING BARRIERS:
Hearing/visually impaired
Unable to read/speak
Infant
does not speak/understand English
How do you prefer to learn:
Written/Verbal
None

PERSONAL MD: City Jail    MD ON CALL:    NOTIFIED AT:    REFERRED TO:    ☐ MPD NOTIFIED    TRIAGE NURSE: _____

TO BAY:    TIME:    PHYSICIAN ASSESSMENT TIME:

ASSESSMENT / HISTORY BY NURSE: ® side of face went into wall. No LOC reported. 0440 - @ pt c Nurse. ē Nurse assessment

*COPY Scanned*

☐ SEE NURSING FLOW SHEET    REPEAT VITAL SIGNS    TIME:    TEMP    PULSE    RESP    B/P    SAO2    PAIN LEVEL: (SCALE 0-10)

| MEDICATIONS / PROCEDURES | TIME | INITIALS | RESPONSE | PAIN SCORE | MEDICATIONS / PROCEDURES | TIME | INITIALS | RESPONSE | PAIN SCORE |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| | | | | | | | | | |

Response Codes: (A.) NA    (B.) At Discharge    (C.) Response with Pain Score    (D.) No Response

## ALLIED DEPARTMENT ORDERS

XRAYS  ® shoulder    CT    ® elbow

RESP    US

| | CBC | | PT | | CARDIAC PROFILE | | EKG |
| | DX | | PTT | | TRAUMA PROFILE | | ABG |
| | CHEM7 | | MG | | TYPE & SCREEN | | |
| | AMYLASE | | CK | | TYPE & CROSS ___ UNITS | | |
| | LIPASE | | UA | | OTHER LABS ___ | | ISTAT |
| | ETOH | | UCG | | | | ISTAT EX |
| | CE | | UDS | | | | ISTAT WBC |

| T | P | B/P | SAO2 | PAIN LEVEL (SCALE 0-10) | TRANSFER | HOME | ADMITTED | EXPIRED | AMA | DATE 10/17/06 | TIME 0510 |
|---|---|---|---|---|---|---|---|---|---|---|---|

SIGNATURE OF NURSE _____

SIGNATURE _____

SIGNATURE _____

☑ SEE AFTERCARE INSTRUCTIONS

CONDITION ON DISCHARGE  Good

CERTIFIED MEDICAL EMERGENCY ☑ YES ☐ NO

SIGNATURE OF PHYSICIAN _____
SIGNATURE OF PHYSICIAN _____
SIGNATURE OF NP

SEQ. NO. 200 (Rev. 10-02)
Emergency Department Record    Medical Record #



ORIGINAL

# JACKSON HOSPITAL & CLINIC, INC.
## 1725 PINE STREET
## MONTGOMERY, ALABAMA 36106

Order Location:    ED

**Name:** MCCALL, HARRY LARMONT

DOB: 09/10/1963    Age: 43Y

**Physician:** PARRISH,VICKIE G

Patient Location:  /

Med Rec No: 107879

Xray #:

Order ID: 11102639

Account #: 0629000015

Addendum #: 0

Clinical Data: SHOULDER PAIN/ED17

**Procedure: SHOULDER RIGHT TWO VIEW**

**Date of Exam: 10/17/2006**

**Date of Transcription: 10/17/2006**

FINDINGS: There is no fracture of dislocation. There are no abnormal calcifications. The soft tissues are unremarkable.

IMPRESSION: NORMAL RIGHT SHOULDER.

Dictated by: LYLES, CRAIG R
Verified by: LYLES, CRAIG R
Transcriptionist: HOLLAND, JOANNE

Scanned

**JACKSON HOSPITAL**

Jackson Hospital & Clinic, Inc.
1725 Pine Street
Montgomery, AL 36106-1117
A Non-profit Organization

**X-RAY REPORT**



# JACKSON HOSPITAL & CLINIC, INC.

### 1725 PINE STREET
### MONTGOMERY, ALABAMA 36106

Order Location:     ED

**Name: MCCALL, HARRY LARMONT**

DOB: 09/10/1963     Age: 43Y

**Physician: PARRISH,VICKIE G**

Patient Location:  /

Med Rec No: 107879

Xray #:                              Account #: 0629000015

Order ID: 11102637

Addendum #: 0

---

Clinical Data: SHOULDER PAIN/ED17

**Procedure: ELBOW RIGHT THREE VIEW**

**Date of Exam: 10/17/2006**                    **Date of Transcription: 10/17/2006**


The osseous structures are in normal position with no definite fractures seen. There are minimal degenerative changes noted. No definite joint effusion is seen.

**IMPRESSION:**
NO ACUTE FINDINGS.


Dictated by: LYLES, CRAIG R

Verified by: LYLES, CRAIG R

Transcriptionist: CHAVERS, TARA

**JACKSON HOSPITAL®**

Jackson Hospital & Clinic, Inc.
1725 Pine Street
Montgomery, AL 36106-1117
A Non-profit Organization

Page 1 of 1

Scanned

**X-RAY REPORT**

DATE: _____

YOUR DIAGNOSIS / CARE NOTES
1. _____
2. Contusion (R) Elbow + shoulder
3. _____

Treatment Rendered:

☐ X-Ray    ☐ EKG    ☐ Medication    ☐ Tetanus

☐ Sutured    ☐ Lab Test    ☐ Exam    ☐ Hypertet

☐ You were given a medication which may make you sleepy or less alert. You should not drive, operate heavy machinery or drink alcohol for 24 hours.

☐ **NO DRIVING TODAY**

☐ You were given a prescription for an antibiotic. Continue to take the medicine until gone unless otherwise instructed, **even if symptoms disappear.**

☐ If your pain is not adequately relieved or you are having persistent nausea or vomiting or excessive drowsiness please call your physician or return to the Emergency Department.

**IMPORTANT NOTICE: Your x-ray has been read and reviewed. Final review by the radiologist is pending. Follow up with your primary care doctor for final interpretation.**

Specific Instructions:

Ibuprofen as directed.

Follow-up with Primary
Physician if needed ()

_Parrish_

---

Follow-up with

☐ Your Doctor _____

☐ Return to Jackson ED on _____

We Are Referring You To:

Dr. _____ Call _____

for an appointment on _____

If you become worse or do not get better in 1 - 2 days see the doctor treating you or return to the emergency department.

Instructions Received By:

_Harry L. McCall_

relationship to patient _TY_

☐ Voiced understanding of instructions

Patient Left:

☐ Ambulatory    ☐ Crutches    ☐ Stretcher

☐ Wheelchair    ☐ With Driver    ☐ Carried

_____ RN
Discharge Nurse

Certificate for Return to Work or School

MCCALL, HARRY LARMONT
10-78-79 0629000015 09/10/63 43Y M
QER -        S      QER
PARRISH, VICKIE G              10/17/06

☐ NA

Has been under my care on ___/___/___ and is able to return to work/school on ___/___/___. The patient's work limitations are: _____

_____
Discharge Physician

---

Jackson Hospital
Emergency Department

Patient Name &
MCCALL, HARRY LARMONT
10-78-79 0629000015 09/10/63 43Y M
QER -        S      QER
PARRISH, VICKIE G              10/17/06

ALLERGIES

Check Box If ☐ **NKDA**

ED Discharge Form

🏥 **JACKSON HOSPITAL**

1725 Pine St|Montgomery AL 36106-1117|334-293-8000

---

| MEDICINES PRESCRIBED | If none , check this box ☐ | VOID IF NOT PRINTED WITH CRANBERRY BACKGROUND | | |
|---|---|---|---|---|
| Name/Strength | | Number | Schedule/Duration | No Refills | Refills |
| 1. Ibuprofen 600mg | | #15 | T PO q 8 w/food | ☑ | |
| 2. | | | | ☐ | |
| 3. | | | | ☐ | |
| 4. | | | | | |

_Vickie Parrish_

Print Name and
DEA# _____

Dispense as written - Signature        Substitution allowed - Signature

ED Discharge Form        Top - Patient        Bottom - Chart        2-5327-2, 12/05

UPPER EXTREMITY &
SHOULDER INJURY / PAIN

## FRONT



## BACK



**JOINT REDUCTION:** ☐ shoulder ☐ elbow
☐ IV conscious sedation *(see nurse's notes for medications)*
shoulder reduction technique: ☐ traction / counter-traction
 ☐ hanging weights
 ☐ kocher maneuver
elbow reduction: ☐ traction
☐ reduction successful ☐ reduction unsuccessful
☐ nursemaid's elbow reduced with supination

**WOUND REPAIR NOTE**
Description: linear
Location: _____ Length: _____ cm    stellate
Anesthesia:    smooth margins
 topical: LET / TAC    irregular margins
 local: lidocaine 1% / 2% w or w/o epi / bicarb   contaminated
 Bupivacaine 0.25% 0.5% _____ volume: _____ cc   crushed tissue
Cleansing:
 irrigation: saline / shurclens / betadine  volume: ____ cc
 debridement  foreign body removal
Wound Repair
☐ wound edges revised
☐ staples _____ ☐ steri-strips only ☐ skin adhesive

| | # of sutures | suture size | material | technique |
|---|---|---|---|---|
| skin | | | nylon / prolene | simple / running / mattress |
| subQ | | | vicryl / chromic | simple / running / mattress |
| deep | | | vicryl / chromic | simple / running / mattress |

☐ See additional Wound Care Notes ☐ repair time _____ min
☐ Tt / Td IM

Time: _____ Patient care is being transferred to Dr. _____
all pertinent history, physical findings and diagnostic studies have been
communicated to the receiving physician.
☐ Old records reviewed ☐ Admission orders written & discussed with admitting M
☐ Discussed with Dr. _____ ☐ Time _____
☐ Counseled patient/family: test results / diagnosis / follow-up

☐ I HAVE PERFORMED A MEDICAL SCREENING EVALUATION
☐ NO EMERGENCY MEDICAL CONDITION EXISTS
☐ FURTHER EVALUATION NEEDED TO RULE OUT AN EMC

**CLINICAL IMPRESSION**
RIGHT / LEFT
 (Shoulder) Dislocation Bursitis Clavicle Fracture
 Rotator Cuff Injury Biceps Tendonitis Radial / Ulnar Fracture
 Elbow Dislocation Supracondylar Fracture
 (Contusion) Arm / Elbow / Forearm Humeral Fracture
 Foreign Body Removal
 nondisplaced / closed / open / comminuted / displaced
 Nursemaids elbow (subluxation of radial head)
 Laceration: _____ cm

**DISPOSITION** (time: _____ )
☑ home ☐ admit ☐ transferred ☐ AMA ☐ observation ☐ expired ☐ MSO
Condition: ☑ stable ☐ fair ☐ good ☐ poor ☐ critical ☐ improved
Follow-up: ☐ ED ☐ PMD ☐ on-call _____ in _____ days
Instructions:

Rx: *Transferred back to City Jail*

**DDX:** R / L clavicle (shoulder) arm (elbow) forearm
dislocation (contusion) sprain (fracture) nerve / tendon injury

**RADIOGRAPHS**
L / R clavicle: (shoulder) humerus (elbow) forearm
☐ normal
CXR: ☑ normal ☐ abnormal

Other radiographs: _____

**IMMOBILIZATION** application by: ☐ ED physician ☐ nurse / tech
☐ sling ☐ sling and swathe. ☐ elbow plaster / fiberglass splint
☐ examination post splint application: ☐ N/V intact ☐ proper position

**ATTENDING NOTE**
☐ resident/NP/PA note reviewed
☐ I have performed a face to face evaluation of the patient
☐ labs reviewed ☐ x-rays reviewed
☐ I agree with above diagnosis ☐ I have reviewed the treatment plan / concur
☑ Certified Medical Emergency Per Prudent Layperson

_____ Resident / NP / PA
_____ MD / DO
☐ See Addendum Sheet

# JACKSON HOSPITAL

**UPPER EXTREMITY & SHOULDER INJURY / PAIN**

MCCALL, HARRY LARMONT
10-78-79  062958815  01/10/63  43Y M
QER -        S        QER
PARRISH, VICKIE G              10/17/06

Time Seen: 0700    Room: 12
Historian: patient / EMS / family / caretaker / PMD
History limited by: _____  ☐ Translator

## CHIEF COMPLAINT
☑ pain to (right / left)  ← shoulder / arm / elbow / forearm
☐ injury to
☐ foreign body removal

## HISTORY OF PRESENT ILLNESS
age: 43    race: W (B) H / O    gender: (M) F
onset: 2 (hrs) days / weeks
duration: resolved  better  worse  waxes/wanes
severity of pain:  mild  (moderate)  severe
pain scale (1-10)
Quality: sharp  dull  (aching)
Location of pain: (R) L  shoulder / arm (elbow) forearm
Associated injury: YES / NO

Cause of injury:  ☐ fall        ☐ direct blow
                  ☐ twisted    ☐ pain occurred while raising arm over head
                  ☐ burn       ☐ GSW  ☐ puncture / stab wound
☐ laceration by: Pushed into a wall at city jail

Work related injury? Yes (No)
Exacerbation of pain: ☐ nothing   (☐ movement)
Associated symptoms: ☐ none
                     ☐ paresthesia / numbness  ☐ suspect foreign body
                     ☐ neck pain

Similar symptoms previously: YES (NO)
Tetanus status: ☐ current    ☐ > 5 years

## ADDITIONAL HISTORY:
☐ old records requested / reviewed

## PMH/SH/FH  ☐ Reviewed on nurse's notes and agree

### PAST MEDICAL HISTORY  ☑ none
☐ HTN  ☐ asthma  ☐ arthritis  ☐ diabetes  ☐ CVA
☐ other: _____

### PAST SURGICAL HISTORY  ☑ none

### FAMILY HISTORY  ☐ CAD  ☐ HTM  ☐ DM  ☐ CVA  ☐ CA

### SOCIAL HISTORY
☐ alcohol          ☐ tobacco      ☐ drug abuse
☐ lives alone / spouse / family / nursing home  ☐ occupation: _____

### MEDICATIONS  ☐ see nurse's notes   ALLERGIES  ☑ NKDA
☐ NSAID                              ☐ see nurse's notes

## REVIEW OF SYSTEMS
☑ ROS: ALL SYSTEMS REVIEWED & NEGATIVE EXCEPT AS INDICATED
☐ ROS cannot be obtained; patient unable to answer questions
Check box if system is normal:
☑ General: _____
☐ ENT: _____
☑ Eyes: _____
☑ Resp: _____
☑ CV: _____
☑ GI: _____
☐ GU: _____
☐ Skeletal: see HPI
☑ Skin: _____
☐ Neuro/Psych: _____
☐ Endocrine: _____

## PHYSICAL EXAM
HR ___ Bp ___ RR ___ T ___ SaO2 % ___    ☑ vital signs reviewed    ☑ VS stable

### APPEARANCE:
☑ normal                    ☐ toxic
                            ☐ distressed: mild / moderate / severe

### SHOULDER
☐ normal appearance         ☑ tenderness (see diagram)
☐ non-tender                ☐ obvious deformity
☑ full ROM                  ☐ humeral head anterior to joint
                            ☑ pain on motion / limited ROM
                            ☐ ecchymosis / abrasion / laceration

### ARM
☑ no deformity              ☐ obvious deformity (see diagram)
☑ no swelling               ☐ swelling / abrasion / ecchymosis
☑ no ecchymosis             ☐ tenderness
                            ☐ laceration (see diagram)
                            ☐ pain / decreased ROM

### ELBOW
☑ no deformity              ☐ obvious deformity (see diagram)
☑ no swelling               ☐ swelling / abrasion / ecchymosis
☑ full ROM                  ☐ tenderness
                            ☐ laceration (see diagram)

### FOREARM
☑ no deformity              ☐ obvious deformity (see diagram)
☑ no swelling               ☐ swelling / abrasion / ecchymosis
☑ no ecchymosis             ☐ tenderness
                            ☐ laceration (see diagram)
                            ☐ pain
                            ☐ decreased ROM
*flexion   extension   suppination   pronation*

### UPPER EXTREMITY NL
☑ NL pulses                 ☐ decrease pulse brachial / radial / ulnar
☑ NL sensory exam           ☐ cap refill > 2 sec
☑ NL motion exam            ☐ laceration
                            ☐ nerve deficit: R / L  axillary / radial /
                                                    ulnar / median

### HEENT
☑ normal

### NECK
☑ normal                    ☐ spinal tenderness

### PULMONARY
☑ normal                    ☐ respiratory distress   ☐ decreased BS R / L

### CARDIAC
☑ normal                    ☐ chest tenderness   ☐ crepitus

### ABDOMEN
☑ normal

### BACK
☑ normal

### SKIN
☑ normal

### NEUROLOGICAL
☑ normal

### PSYCHIATRIC
☑ normal

**EMERGENCY DEPARTMENT NURSING RECORD**

DATE: 10/17/06
TIME: 0840

JACKSON HOSPITAL®

MCCALL, HARRY LARMONT
10-78-79  0629000015  09/10/63  43Y M
QER -         S         QER
PARRISH, VICKIE G              10/17/06

**PRE TX**

☐ N/A   IV _____ @ _____ cc/hr   ☐ 02 @ _____   ☐ BACKBOARD   ☐ SPLINT   ☐ Other _____
SITE _____   ☐ ETT SIZE _____   ☐ COLLAR   ☐ BANDAGES
☐ PCR   ☐ CPR   ☐ SANDBAGS   ☐ FOLEY SIZE

**MEDICAL/SOCIAL HX**

**MEDICAL**
☐ ASTHMA   ☐ HTN
☐ CANCER   ☑ RENAL DISEASE
☐ CARDIAC   ☐ NONE
☐ COPD
☐ CVA
☐ DIABETES
☐ FAMILY CARDIAC HISTORY

**MUSCULOSKELETAL**
States no problems / arthritic disease / decrease in strength / diminished mobility

**PSYCHIATRIC:**
Previous psychiatric history / bipolar disorder / depression / suicidal / lives alone / family support.

**SCREENINGS:**
Nutritional:
States no problems / Normal nutrition / recent weight loss / weight gain / / appears well nourished / Appears under nourished.

**SOCIAL:**
☐ ALCOHOL
☐ DRUGS
☐ SMOKES

**CARDIOVASCULAR**

MONITOR ☐ YES ☐ NO   RHYTHM _____   SEE STRIP
**SKIN CONDITION**
☑ INTACT   ☐ BROKEN   **EDEMA**
☑ WARM   ☐ COOL   ☐ LEGS   ☐ ANKLES
☐ HOT   ☐ CLAMMY   ☐ OTHER   ☐ FEET
☐ MOIST   ☐ DRY
☐ DIAPHORETIC   ☐ DECUBITUS   PULSES   R|   L
☐ RASH   PEDAL
POST TIBIAL
RADIAL
**SKIN COLOR**
☐ NORMAL
☐ DUSKY   ☐ PINK   ABSENT - PRESENT +
☐ FLUSHED   ☐ CYANOTIC
☐ PALE   ☐ JAUNDICED   **SKIN TURGOR**
**CAPILLARY REFILL**   ☐ GOOD   ☐ DECREASED
<3 SEC. ☐   >3 SEC. ☐   ☐ POOR   ☐ OTHER

**AFFECTED AREA**
1. N/A
2. ABRASIONS
3. BURNS
4. CONTUSION
5. DECUBITUS
6. LACERATION
7. PAIN
8. PUNCTURE
9. RASH
10. OTHER

**RESPIRATORY**

**RESPIRATIONS**
☑ NON-LABORED
☐ LABORED
☐ HYPERVENTILATION
☐ OTHER _____

**COUGH**
☐ NONE
☐ NON-PRODUCTIVE
☐ PRODUCTIVE
☐ HIGH RISK TB

**BREATH SOUNDS**
R L
☐ ☐ CLEAR/EQUAL
☐ ☐ WHEEZES
☐ ☐ DIMINISHED

R L
☐ ☐ ABSENT
☐ ☐ RALES/CRACKLES
☐ ☐ RHONCHI

**GLASGOW COMA SCALE**

| Areas of Response | Points |
|---|---|
| **Eye Opening** | |
| Eyes open spontaneously | 4 |
| Eyes open in response to voice | 3 |
| Eyes open in response to pain | 2 |
| None | 1 |
| **Best verbal response** | |
| Oriented, e.g., to person, place, time | 5 |
| Confused, speaks but is disoriented | 4 |
| Inappropriate, but comprehensible words | 3 |
| Incomprehensible sounds but no words are spoken | 2 |
| None | 1 |
| **Best Motor Response** | |
| Obeys command to move | 6 |
| Localizes painful stimulus | 5 |
| Withdraws from painful stimulus | 4 |
| Flexion, abnormal decorticate posturing | 3 |
| Extension, abnormal decerebrate posturing | 2 |
| No movement or posturing | 1 |
| Total Possible Points | 3-15 |
| Major Head Injury | ≤8 |
| Moderate Head Injury | 9-12 |
| Minor Head Injury | 13-15 |

**NEURO/MUSCULAR**

**LOC**
☐ ALERT
☐ DROWSY
☐ UNRESPONSIVE
☐ ORIENTED
☐ PERSON   ☐ TIME
☐ PLACE   ☐ EVENT
☐ N/A

**SPEECH**
☐ CLEAR
☐ SLURRED
☐ OTHER _____

**RESPONSE TO STIMULI**
☐ VERBAL
☐ TACTILE
☐ PAIN
☐ UNRESPONSIVE

**PUPILS**
2 3 4 5 6 7 8 9
RIGHT|LEFT
REACTIVE
SIZE

**MOTOR/SENSORY**
GOOD
DECREASED
ABSENT

| | RIGHT | | LEFT | |
|---|---|---|---|---|
| | M | S | M | S |
| ARMS | | | | |
| LEGS | | | | |

**GI**

**BOWEL SOUNDS**
☐ NORMAL
☐ HYPOACTIVE
☐ HYPERACTIVE
☐ ABSENT
☐ _____
☐ N/A

**ABDOMEN**
☐ SOFT
☐ FIRM
☐ DISTENDED
☐ TENDER
☐ NON-TENDER

**PAIN LOCATION**
☐ N/A
☐ RUQ
☐ LUQ
☐ RLQ
☐ LLQ

**BOWEL ACTIVITY**
☐ DENIES COMPLAINT
☐ DIARRHEA
☐ CONSTIPATION
☐ _____

**GU**

**URINATION**
☐ DENIES COMPLAINT
☐ PAIN/BURNING
☐ FREQUENCY
☐ HEMATURIA
☐ INCONTINENCE
☐ N/A

**GENITAL**
☐ DENIES COMPLAINT
☐ DISCHARGE
☐ LESION

**COMMENTS**

COMMENTS: _____

☐ N/A

**GCS**
TIME _____ SCORE _____
TIME _____ SCORE _____
TIME _____ SCORE _____
☐ N/A

**PLAN OF CARE**

**NURSING DIAGNOSIS**
☐ ANXIETY/FEAR
☐ BODY TEMP, ALT OF
☐ COMFORT, ALT OF
☐ COMMUNICATION, IMPAIRED
☐ COPING
☐ FLUID VOLUME EXCESSIVE/DEFICIT
☐ INEFFECTIVE BREATHING PATTERN
☐ INFECTION, POTENTIAL FOR
☐ INJURY TO SELF/OTHERS, POTENTIAL FOR
☐ KNOWLEDGE DEFICIT
☐ MOBILITY, IMPAIRED

☐ NEURO STATUS, ALT OF
☐ NON-COMPLIANCE
☐ PAIN, ACUTE/CHRONIC
☐ SKIN INTEGRITY, ALT OF
☐ TISSUE PERFUSION ALT OF/POTENTIAL
☐ _____

**ABUSE/NEGLECT SCREEN**
☐ NO INDICATIONS OBSERVED
☐ ONE / REQUIRES A REFERRAL - TO SOCIAL SERVICES
☐ POSSIBLE PHYSICAL ABUSE (SEE PHYSICAL ASSESSMENT)
☐ POSSIBLE PSYCHOLOGICAL ABUSE
☐ POSSIBLE NEGLECT
☐ POSSIBLE DOMESTIC VIOLENCE

**INTERVENTIONS**
☐ ACCU-CHECK
☐ ANTIPYRETICS
☐ ASPIRATION PRECAUTIONS
☐ BLEEDING CONTROL
☐ COMFORT MEASURES
☐ COMMUNICATION METHODS
☐ _____
☐ DRESSING/WOUND CARE
☐ EMOTIONAL SUPPORT
☐ ICE/ELEVATE
☐ INTAKE/OUTPUT
☐ MONITOR ☐ CARDIAC
☐ NBP
☐ RE-ORIENTATION
☐ SAFETY

☐ SEIZURE PRECAUTION
☐ SPLINT/SLING
☐ SUICIDE PRRECAUTION
☐ TEACHING (PT/FAMILY)
☐ VISUAL ACUITY

☐ VISUAL MONITORING CONTINUOUS
**REFERRAL**
☐ CHAPLAIN
☐ MENTAL HEALTH
☐ PHYSICAL THERAPY
☐ RAPE COUNSELOR
☐ SOCIAL SERVICES

**MENTAL STATUS**
☐ ALERT   ☐ UNCOOPERATIVE
☐ CALM   ☐ COMBATIVE
☐ CONFUSED   ☐ OTHER
☐ COOPERATIVE
☐ ANXIOUS

**SAFETY**
☐ SIDERAILS
☐ RESTRAINTS (See flowsheet)
☐ BED POSITION LOW
☐ FAMILY AT BEDSIDE
☐ OTHER

Form # E-27-A (Rev. 6/02)

EMERGENCY DEPARTMENT
NURSING RECORD


JACKSON HOSPITAL

MCCALL, HARRY LARMONT
10-78-79 0629000015 09/10/63 43Y M
QER -        S        QER
PARRISH, VICKIE G        10/17/06



| ONGOING VITAL SIGNS | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TIME | BP | PULSE | RESP | SaO₂ | BY | TIME | BP | PULSE | RESP | SaO₂ | BY | TIME | BP | PULSE | RESP | SaO₂ | BY |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |

**NURSING NOTES**

0440 — RN assessment done. _illegible handwriting_

| IV FLUIDS/cc | CATH # | TIME | SITE | RATE | RN | LIB | INTAKE | | OUTPUT |
|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  | IV | | URINE |
|  |  |  |  |  |  |  | BLOOD | | NG |
|  |  |  |  |  |  |  | PO | | CHEST |
|  |  |  |  |  |  |  |  | | TUBE |

**VALUABLES SENT:**

☐ WITH FAMILY    MONEY _____
☐ WITH FRIEND    AMOUNT _____
☐ WITH POLICE    MEDICATION _____
☐ TO FLOOR       CLOTHING _____
☐ TO SAFE        OTHER _____
☐ WITH PATIENT

| RN SIGNATURE | | INITIALS |
|---|---|---|
| RN SIGNATURE | | INITIALS |
| RN SIGNATURE | | INITIALS |
| RN SIGNATURE | | INITIALS |



Form # E-27-B (Rev. 6/02)



## ADVANCE DIRECTIVE ACKNOWLEDGMENT



MCCALL, HARRY LARMONT
10-78-79 0629000015 09/10/63 43Y M
QER -        S     QER
PARRISH,VICKIE G           10/17/06

**PLEASE READ THE FOLLOWING INFORMATION AND ACKNOWLEDGE AT THE BOTTOM OF THIS FORM:**

I have been given written materials about my right to accept or refuse medical treatment and have been informed of my rights to formulate Advance Directives.

I understand that I am not required to have an Advance Directive in order to receive medical treatment at Jackson Hospital.

**PLEASE CHECK ONE OF THE FOLLOWING STATEMENTS:**

_____ **I HAVE** executed an Advance Directive and I have a copy with me.

_____ **I HAVE** executed an Advance Directive but did not bring a copy with me. I understand I must provide a copy and/or talk with my physician. Attempts to obtain a copy, (Date & Initial) _____

____X____ **I HAVE NOT** executed an Advance Directive and do not wish to at this time.

_____ I would like to talk with someone about Advance Directives.

Date __10-17-06__          Hospital Representative _____

Signed _____          Relationship _____

Date _____

Received by _____
(Hospital Representative)

Attempts to provide information (Business Office)
Date & Initial _____

**Advance Directive**

NSG-80 JH (4/97)





**CONSENT FOR TREATMENT, RELEASE OF INFORMATION,
PERSONAL PROPERTY RESPONSIBILITY, ASSIGNMENT,
MEDICARE PAYMENT AND FINANCIAL AGREEMENT**

JACKSON HOSPITAL & CLINIC, INC.
1725 PINE STREET, MONTGOMERY, ALABAMA 36106

```
MCCALL, HARRY LARMONT
10-78-79  0629000015  09/10/63  43Y M
QER -          S        QER
PARRISH, VICKIE G              10/17/06
```

**CONSENT FOR TREATMENT:** I, knowing that I (or the patient named on this Admission Record if the patient is unable to consent) am (is) suffering from a condition requiring diagnosis and medical surgical treatment do hereby voluntarily consent to such diagnostic procedures and hospital care and to such medical or x-ray treatment by the Attending Physician named on this Admission Record, his/her assistants or his/her designees as is necessary in his/her judgment.

Initials _____

I acknowledge and understand that in order to insure, to the greatest extent possible under current medical guidelines that there is not a transmission of blood borne diseases such as Hepatitis-B or Acquired Immune Deficiency Syndrome, that it may be necessary to draw and test my blood while I am a patient in Jackson Hospital & Clinic, Inc. ("Hospital"). Such action would be necessary should:

1. A health care worker should get stuck by a needle while drawing my blood, or;
2. Should a health care worker sustain scalpel injury in the course of my treatment, or;
3. Should either I or any health care worker rendering care to me incur a parenteral or mucous membrane exposure to blood or other body fluids of one another.

I therefore consent to have my blood drawn and tested. I further understand that my blood will not be routinely tested for diseases, and that the results of any testing will be kept strictly confidential.

Initials _HLM_

I am aware that the practice of medicine and surgery is not an exact science and I acknowledge that no guarantees have been made to me as to the result of treatments or examination in the Hospital.

Initials _HLM_

I hereby authorize the Hospital to retain, preserve and use for scientific or teaching purposes, or dispose of at their convenience, any specimens or tissues taken from my body during my hospitalization.

Initials _HLM_

**RELEASE OF INFORMATION:** I hereby authorize the Hospital to dispose all or any part of my medical records for this period of hospitalization, including release of copies and completion of forms, to any person or corporation which may be liable under a contract to the Hospital, myself, a member of my family or my employer for all or part of the Hospital's charges, including, but not limited to, hospital or medical service companies, insurance companies, workmen's compensation carriers, welfare funds, drug manufacturers that may offer patient assistance programs or my employer, and to use and disclose my health information for treatment, payment, health care operations and to protect others.

Initials _HLM_

**PERSONAL PROPERTY:** Patients are strongly urged to leave money and other valuables at home but may deposit such items with the Hospital Security Department for safekeeping. The Hospital will not be held responsible for damage to, loss or theft of any money, jewelry, documents or other personal property kept with a patient. This also applies to personal items such as dentures, eyeglasses and hearing aids. These items should be keep in a protective container when not in use and are, at all times, the responsibility of the patient.

Initials _HLM_

**ASSIGNMENT OF INSURANCE BENEFITS:** In the event the patient is entitled to hospital or health benefits of any type because of any insurance policy insuring the patient or someone else who is responsible for paying the patient's hospital bills, the undersigned hereby agrees that these benefits can be paid directly to the Hospital and applied to the patient's bill. The patient and/or the undersigned are responsible for any portion of the Hospital's bill not paid by an insurance company.

Initials _Omit_

**MEDICARE AND/OR CHAMPUS PAYMENT:** I certify that the information given the Hospital in applying for payment by the Medicare or Champus program is correct. I request that payment of authorized Medicare and Champus benefits be made either to me or in my behalf for any services furnished me by Jackson Hospital & Clinic, Inc., Montgomery, Alabama, including physician services. I authorize any holder of medical or other information about me to release to Health Care Financing Administration and/or Champus and its agents any information needed to determine these benefits for related services.

Initials _HLM_

**FINANCIAL AGREEMENT:** The undersigned agrees, whether he/she signs as agent or as patient, that in consideration of the services to be rendered to the patient, he/she hereby individually obligates himself/herself to pay the amount charged by the Hospital in accordance with the regular rates and terms of payment to the Hospital. It is also agreed that in case of default of payment and if this account is placed in the hands of a collector or an attorney for collection, all collection fees, attorney's fees, costs and all other expenses will be paid by the undersigned. All parties hereon, whether maker or endorser, each for himself/herself waives notice of dishonor, demand and protest and consents to any extension of time the holder may grant.

Initials _Omit_

**NOTICE OF PRIVACY PRACTICES:** I have received the Hospital's Notice of Privacy Practices.

Initials _HLM_

**PATIENT INFORMATION DISCLOSER:** Choose one of the following:

    1. YES, I want to be listed in the Hospital Directory _____ (Initials)
    2. NO, I do not want to be listed in the Hospital Directory _HLM_ (Initials)

While hospitalized, my medical/health information may be released to: (verbal information only; disclosure of medical records requires separate authorization.)
(Circle all that apply):
Spouse    Immediate family    Other relatives    Close Personal friends    Personal Representative    None    Other _____

This consent form has been fully explained to me and I certify that I understand its contents.

_10-17-06_
DATE             WITNESS                      _Harry L. McCall_
                                           SIGNATURE OF PATIENT

DATE             WITNESS                      SIGNATURE OF MAKER OR ENDORSER IF OTHER
                                           THAN PATIENT

If patient is unable to consent or is a minor, check and complete one of the following:

_____ Patient is a minor _____ years of age. _____

_____ Patient is unable to consent because _____

_____

_____

DATE             WITNESS                      CLOSEST RELATIVE OR LEGAL GUARDIAN        Form #C-50 (Rev 04/05)